UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| United States of America | [~~Proposed~~] Protective Order |
| v. | 20 Cr. 500 (JGK) |
| Samuel Reed, | |
| Defendant. | |



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/2020

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, the Government's general obligation to produce exculpatory and impeachment material in criminal cases, and pursuant to the Government's early voluntary production of materials to assist in the preparation of the defense, all of which will be referred to herein as "Disclosure Material."

2. **Confidential Material.** Certain of the Government's Disclosure Material may include material that the Government wishes to designate confidential. The Government shall be entitled to designate Disclosure Material in whole or in part as "Confidential" when the Disclosure Material (i) contains information that affects the privacy, confidentiality, and business interests of individuals and entities; (ii) would risk prejudicial pretrial publicity if publicly disseminated; and (iii) would impede, if prematurely disclosed, the Government's ongoing investigation. The Government shall produce such confidential Disclosure Material

1

("Confidential Material") to the defendant or his counsel by (1) designating specific Disclosure Material in whole or in part as "Confidential" in emails or other written communications to defense counsel; and (2) stamping the materials with a Bates or other label stating "Confidential." Disclosure Material shall not be designated as Confidential Material if it originally belonged to the defendant; is information in the public domain; or is information independently obtained by the defense.

3. **Sensitive Disclosure Material.** Certain of the Disclosure Material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses whose identifying information the Government wishes to maintain as confidential based on the protective considerations set forth herein. Sensitive Disclosure Materials consists of statements and reports that would otherwise be subject to disclosure under 18 U.S.C. § 3500, which the Government has voluntarily agreed to provide to the defendant earlier than as provided in the statute.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel (the "Defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this criminal action.

5. The Defense shall not post any Confidential Material on any Internet site or network site to which persons other than the Defense and those individuals described in paragraph 7 below have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

6. The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

7. Confidential Material may be disclosed by the Defense to:

   (a) The defendant;

   (b) Defense counsel;

   (c) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action, including third party vendors;

   (d) Prospective witnesses and their counsel for purposes of defending this action;

   (e) Charged co-defendants and their counsel for purposes of defending this action;

   (f) Any other individuals mutually agreed upon by the Government and the Defense; and

   (g) Such other persons as hereafter may be authorized by the Court.

8. Sensitive Disclosure Material shall be disclosed by the Defense only as follows, to:

   (a) The defendant;

   (b) Defense counsel;

   (c) Personnel for whose conduct the Defense is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action, including third party vendors;

   (d) Any other individuals mutually agreed upon by the Government and the Defense; and

   (e) Such other persons as hereafter may be authorized by the Court.

Sensitive Disclosure Material may also be disclosed by the Defense to charged co-defendants and their counsel for purposes of defending this action, once the co-defendant has appeared in this action, and the Court has entered a similar protective order as to that co-defendant, requiring the co-defendant to undertake to comply with the provisions of this Order.

9. Sensitive Disclosure Materials shall be provided only to those listed in paragraph 8 until thirty days before any set trial date in this matter, or the issuance of a superseding protective order. Thirty days before the set trial date, the limitations set forth in paragraphs 8(a) through 8(e) shall be replaced with the limitations set forth in paragraphs 7(a) through 7(g).

10. If there is a dispute between the parties concerning the Government's designation of certain Disclosure Material as Confidential Material or Sensitive Disclosure Material, the parties shall meet and confer without prejudice to a subsequent application by the Defense seeking de-designation of such material by the Court. If the Defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of the Court. The Government shall bear the burden of establishing good cause for its designation of the disputed materials as Confidential Material or Sensitive Disclosure Material.

11. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, or court personnel for purposes of this action. However, Confidential Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

12. Except for Disclosure Material that has been made part of the record of this case, the defendant shall return to the Government or defense counsel or securely destroy or delete all

4

Disclosure Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing all of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing all of the charges in the above-captioned case, whichever date is later. Defense counsel (rather than the defendant) shall solely maintain the Disclosure Material for the pendency of any collateral challenge pursuant to 28 U.S.C. §§ 2241 and 2255. If Disclosure Material has been provided to any prospective witnesses by the Defense, counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. The Defense shall provide a copy of this Order to any persons, as contemplated by paragraphs 7 and 8 of this Order, to whom the defense has disclosed Disclosure Material. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

14. This Order places no restriction on defendant's use or disclosure of any material that was previously within the defendant's custody, control, or possession, or material that comes into the defendant's custody, control, or possession through means other than production by the Government to the Defense in this case.

### Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal

**[INTENTIONALLY LEFT BLANK]**

prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: */s/ Jessica Greenwood*  Date: November 21, 2020
    Samuel Raymond / Jessica Greenwood
    Assistant United States Attorney

by: */s/ Douglas K. Yatter*  Date: November 21, 2020
    Douglas Yatter / Benjamin Naftalis
    Counsel for Samuel Reed

SO ORDERED:

Dated: New York, New York
       November 23, 2020

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE