**Douglas K. Yatter**
Direct Dial: (212) 906-1211
douglas.yatter@lw.com

# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

April 1, 2021

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *United States v. Hayes et al.*, **No. 20 Cr. 500 (JGK)**

Dear Judge Koeltl:

We respectfully submit this letter on behalf of our client Samuel Reed[1] and request a conference to discuss the following: (i) the government's continued failure to provide information and materials required under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972); and (ii) the government's refusal to provide information about its use of a taint team to review privileged material.  As detailed below, we have—for several months—attempted to work with the government to address these issues, but the government's continued refusal to engage regrettably now requires our raising these matters with Your Honor.

**I.     *BRADY* AND *GIGLIO* OBLIGATIONS**

Mr. Reed first requested production of Rule 16 discovery, including *Brady* and *Giglio* disclosures, on October 20, 2020.  *See* Ex. A.[2]  The Court directed the government to produce *Brady* and *Giglio* material in orders issued on November 2 and December 11, 2020, consistent with Rule 5(f), Fed. R. Crim. Proc.  (ECF Nos. 21, 24).  Mr. Reed raised these issues again with the government in three letters dated January 9, 2021, February 2, 2021, and March 11, 2021.  *See* Exs. B, C, D.  Despite the Court's Rule 5(f) orders and our repeated requests, the government has consistently failed to respond to Mr. Reed's follow-up inquiries about the status

---

[1] Mr. Benjamin Delo joins in this request for a conference.

[2] The exhibits referenced in this letter motion have not yet been filed.  Per Your Honor's Individual Practice Rule IV.A.2, we will confer with the government regarding any redactions or sealing it believes are necessary to the exhibits referenced herein and thereafter file the appropriate materials.

LATHAM&WATKINS LLP

of outstanding *Brady* and *Giglio* materials. In more than five months since our October 20, 2020 letter, the government has only addressed Mr. Reed's *Brady* questions and concerns once, in a letter dated January 15, 2021 citing selected "example[s]" of *Brady* material in its recent productions. *See* Ex. E at 2-3.

As we have advised the government, the identification of examples of *Brady* material is insufficient to meet its obligations, particularly where, as here, Mr. Reed has specifically requested certain categories of evidence constituting *Brady* material. *See U.S. v. Thomas*, 981 F. Supp. 2d 229, 239-40 (S.D.N.Y. 2013) (noting that the government "cannot hide *Brady* material as an exculpatory needle in a haystack of discovery materials" and that "the more specifically the defense requests certain evidence, thus putting the prosecutor on notice of its value, the more reasonable it is for the defense to assume from the nondisclosure that the evidence does not exist, and to make pretrial and trial decisions on the basis of this assumption" (citation omitted)); *cf.* Ex. B at 4-5 (setting forth Mr. Reed's requests, including 19 categories of information constituting *Brady* and *Giglio* material).

More to the point, the government represented on January 15, 2021 that it has additional *Brady* material in its possession that has not yet been produced, including at least one witness statement. Ex. E at 2-3 (government identifying a witness statement to be Bates-stamped 3516-170 as *Brady* material and noting it would produce the document in a forthcoming production). Two more months have elapsed without any such disclosure or response to our requests.

## II.    TAINT TEAM

The government first disclosed the existence and use of a "taint team" to review potentially attorney-client privileged material in a production cover letter on December 15, 2020. *See* Ex. F. There, the government stated that it had made use of a taint team to review potentially privileged information and revealed that the taint team failed to shield a privileged document from the prosecution team. *See id.* Thereafter, the government disclosed that multiple parties' privileges were implicated by the materials reviewed by the taint team, but failed to disclose, among other things, the composition of the taint team, the taint team's privilege review process and determinations, and the holder and type of the privileges implicated by each document. In response to our request for these basic categories of information, *see* Ex. B at 3, the government stated on January 15, 2021 that it was "continuing to review [Mr. Reed's] requests for disclosure of additional information regarding its use of a Filter Team to review for attorney-client privilege," Ex. E at 2, and in an email on February 8, 2021, *see* Ex. G, that it was "still formulating" a response to our taint team questions and would follow up "next week with further information."

Mr. Reed and other defendants have a clear interest in understanding the procedures implemented by the government and the specifics related to the exposure of the prosecution team to privileged materials. Yet the government has repeatedly failed to respond to such requests. Most recently, Mr. Reed wrote the government again on March 11, 2021, noting that if the government was unable or unwilling to provide the requested information on the taint team (after three months) by March 19, 2021, we would assume that Court intervention is required. *See* Ex. D at 3. The government again has not responded.

LATHAM&WATKINS LLP

The government's ongoing failure to provide the requested information is concerning in light of the dual facts that (i) the use and efficacy of taint team walls to filter privileged information in the context of a criminal prosecution is "highly questionable," *U.S. v. Stewart*, No. 02 CR. 396 (JGK), 2002 WL 1300059, at *8 (S.D.N.Y. June 11, 2002) (quoting *In re Search Warrant for Law Offices Executed on Mar. 19, 1992*, 153 F.R.D. 55, 59 (S.D.N.Y. 1994)), and (ii) the government has already disclosed that the taint team allowed privileged information to reach the prosecution team in this case. While we had hoped to avoid troubling the Court to obtain this basic information, the material passage of time without any response has required our writing now.

\*   \*   \*

For the reasons set forth above, we respectfully request a conference before this Court to address the government's (i) compliance with its *Brady* and *Giglio* obligations and (ii) provision of information concerning its use of a taint team.

Respectfully submitted,

/s/ Douglas K. Yatter
Douglas K. Yatter
Benjamin Naftalis
of LATHAM & WATKINS LLP

cc:     All Counsel of Record (via ECF)