# EXHIBIT 1



**U.S. COMMODITY FUTURES TRADING COMMISSION**

525 West Monroe Street
Suite 1100
Chicago, Illinois 60661
Telephone: (312) 596-0700
Facsimile: (312) 596-0714

Division of
Enforcement

November 9, 2018

## SUBPOENA DUCES TECUM

**TO:**

**ABS Global Trading Limited**
**(a/k/a BitMEX / HDR Global Trading**
**Limited)**
Corporate Creations Network, Inc.
3411 Silvereside Road,
Tatnall Building, Suite 104
Wilmington, DE 19810

**ABS Global Trading Limted**
**(a/k/a BitMEX / HDR Global Trading**
**Limited)**
2 Embarcadero Center, FL 8,
San Francisco, CA 94111

**YOU ARE HEREBY COMMANDED** to deliver to Carlin Metzger, Joy McCormack, Brigitte Weyls and Ava Gould, Officers of the U.S. Commodity Futures Trading Commission ("Commission"), all books, papers, documents, and other tangible things specified in the attached Schedule A. Those materials are to be produced at 525 West Monroe Street, Suite 1100, Chicago, IL 60661, by **9:00 a.m. on November 30, 2018**, in connection with the investigation conducted by the Commission in the matter of:

*In re BitMEX (HDR Global Trading Limited)*

**FAILURE TO COMPLY WITH THIS SUBPOENA MAY RESULT IN THE COMMENCEMENT OF A LEGAL ACTION IN THE UNITED STATES DISTRICT COURT TO COMPEL COMPLIANCE WITH THE REQUIREMENTS HEREOF.**

Issued November 9, 2018 from Chicago by:

Joy McCormack
Senior Investigator,
Division of Enforcement

NOTICE TO WITNESS:     Fees and mileage need not be tendered to the witness upon service
of a subpoena issued in behalf of an officer or employee of the
Commission. 28 U.S.C. § 1825

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

# RETURN OF SERVICE

In the case of service on a natural person:

> [ ] handing it to the person named herein.
> [ ] leaving it at the person's office with the person in charge, namely:
> [ ] leaving it at the person's office in a conspicuous place, to wit:
> [ ] leaving it at the person's usual place of abode, namely:
> [ ] mailing by certified or registered mail to the following address:
> [ ] another method by which actual notice is given, to wit:

In the case of service on other than a natural person:

> [X] handing it to a registered agent for service or other officer, director, or agent in
> charge of such office, namely (name and title):
>
> **Corporate Creations Network, Inc., as Registered Agent of**
> **ABS Global Trading Limited**
> (a/k/a BitMEX or HDR Global Trading Limited)
> 3411 Silvereside Road, Tatnall Building, Suite 104
> Wilmington, DE 19810
>
> [ ] sending via email and UPS overnight delivery to such agent or representative, namely
> (name, title, and address):
>
>
>
> [ ] another method by which actual notice is given, to wit:

*I declare under penalty of perjury under the laws of the United States of America*
*that the foregoing is true and correct and that I served this subpoena on*
_____, 2018  *in accordance with the method noted above.*


11/__/18
_____          _____
Date                                              Signature


2

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020759
US_00624253

## RETURN OF SERVICE

In the case of service on a natural person:

     [ ] handing it to the person named herein.
     [ ] leaving it at the person's office with the person in charge, namely:
     [ ] leaving it at the person's office in a conspicuous place, to wit:
     [ ] leaving it at the person's usual place of abode, namely:
     [ ] mailing by certified or registered mail to the following address:
     [ ] another method by which actual notice is given, to wit:

In the case of service on other than a natural person:

     [X] handing it to a registered agent for service or other officer, director, or agent in
          charge of such office, namely (name and title):

     _____

     **ABS Global Trading Limited**
     **(a/k/a BitMEX / HDR Global Trading Limited)**
     2 Embarcadero Center, FL 8
     San Francisco, CA 94111

     [ ] sending via email and UPS overnight delivery to such agent or representative, namely
          (name, title, and address):

     [ ] another method by which actual notice is given, to wit:

*I declare under penalty of perjury under the laws of the United States of America*
*that the foregoing is true and correct and that I served this subpoena on*
*_____, 2018 in accordance with the method noted above.*

        11/___/18
   _____      _____
        Date                    Signature

3

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020760
US_00624254

## DEFINITIONS AND INSTRUCTIONS

The following definitions apply to this subpoena:

A.  <u>Commission</u>. The term "Commission" refers to the U.S. Commodity Futures Trading Commission.

B.  <u>BitMEX.</u> The term "BitMEX" means and refers to ABS Global Trading Limited, HDR Global Trading Limited, BitMEX Research Limited, HDR Global Holding LLC, Infinite Loop LLC, HDR BMEX Limited (Hong Kong CR No. 2668623), H.D.R. International Limited (Hong Kong CR No. 2335632), HDR Total Proprietary Trading Limited (Hong Kong CR No. 2661339) and any other companies that operate, or that are affiliated with, the virtual currency trading platform www.bitmex.com, including any and all of their parent corporations, limited partners, general partners, affiliates, subsidiaries, divisions, groups, offices, branches, departments, predecessors or successors, and all other persons acting in concert or participation with them.

C.  <u>You</u>. The terms "you" and "your" refer to BitMEX as defined in Section B of these definitions.

D.  <u>Communication</u>. The term "communication" refers to all manners of transmitting or receiving information, opinions, or thoughts, orally, in writing, in person, telephonically, or otherwise.

E.  <u>Concerning</u>. The term "concerning" means referring to, describing, evidencing, or constituting.

F.  <u>Document</u>. The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). Accordingly, a document, for purposes of this subpoena, is any writing, drawing, graph, chart, photograph, phonographic record, audiotape, videotape, computer disk, or any other data compilation from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. The terms "documents' or "documents" mean all writings or printed matter of any kind, including the originals and all copies, identical or non-identical, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation: records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, and all drafts, alterations, modifications, changes and amendments of any of the foregoing.

G.  <u>Employee</u>. The term "employee" means and includes all limited partners, general partners, directors, executives, officers, consultants, agents, representatives, and

4

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020761
US_00624255

accountants, wherever they may be situated, and all other persons who have a financial interest in BitMEX, whether individually, or through a separate corporate structure or partnership.

H.    Possession. The term "possession" denotes actual or constructive possession. For example, a document is in your possession if it is within your custody or control, if you have a legal or equitable right to obtain such document from another person, or if it is in the possession of you or any present or former officer, director, employee, partner, corporate parent, subsidiary, or affiliate thereof.

I.    And/Or. The terms "and" and "or" are used interchangeably herein, operating both as conjunctive and disjunctive conjunctions. The singular and plural forms of nouns and pronouns are likewise used interchangeably herein.

J.    Refer. "Refer" means to discuss, report on, review, consider, evaluate, or explain by direct mention of the subject matter of the request.

K.    Relate. "Relate" means to comprise, explicitly or implicitly, refer to, be reviewed in conjunction with, or be generated as a result of the subject matter of the request, or to reflect, record, memorialize, discuss, evaluate, consider, review or report on the subject matter of the request.

L.    Virtual Currency or Crypto Currency. The terms "virtual currency" or "crypto currency" refers to a digital asset or digital representations of value that function as a medium of exchange, a unit of account, and/or a store of value, using cryptography to secure the transactions, but does not have legal tender status in any jurisdiction, including but not limited to tokens or other data that typically represents a transaction, access, or other participations and rights on corresponding blockchain networks. The term "virtual currency" includes, without limitation, Bitcoin, Litecoin, Ethereum, Ether, Tether, Dash, Bitcoin Cash, Monero, or any other virtual currency or crypto currency traded on BitMEX's platform.

M.    Duty to Supplement. The obligations created by this subpoena are continuing, and you shall supplement its production if it locates additional responsive documents in its possession. You shall produce the specified materials to the Commission as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this subpoena.

N.    **Scope.   Unless otherwise specified, the scope of this subpoena includes all responsive documents for the period January 1, 2014 to the present.**

O.    Non-Production. If any documents responsive to any of the paragraphs of this Attachment will not be produced for any reason, please set forth the following information concerning each document:

(a)    the type of document;

5

    (b)    the date of the document;

    (c)    the person who prepared or wrote the document;

    (d)    a description of the document's subject matter and physical size;

    (e)    all addresses of recipient(s) of the original or copy thereof, together with the date or approximate date that said recipient received said document;

    (f)    all other persons to whom the contents of the document have been disclosed, the date of such disclosure, and the means of such disclosure;

    (g)    the nature of the privilege or the rule of law relied upon, or other reason for non-production; and

    (h)    for documents that are claimed to have been destroyed, the date the document was destroyed;

        (i)    the person who ordered or authorized such destruction;

        (ii)    the reason for the document's destruction, and the policy and authority for the same; and

        (iii)    the custodian of the document on the date of destruction.

P.    In your cover letter, please indicate by bates number or file name the numbered item, category, or lettered sub-item or sub-category in response to which the document is being produced.

Q.    Legible, true, correct, and complete photocopies may be submitted in lieu of original documents, provided that the originals are retained in their current state and are available for inspection if requested by Commission staff and provided further that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or court of law.

R.    Other than portions of documents withheld on the basis of a claimed privilege, a complete copy of each document should be submitted even though only a portion of the document is responsive. The document shall not be edited, redacted, cut, or expunged and shall include all covering letters and memoranda, transmittal slips, appendices, tables, or other attachments and all other documents referred to in the document or attachments.

S.    No agreement purporting to modify, limit, or otherwise vary this document request shall be valid and binding on the Division of Enforcement or the Commission unless

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020763
US_00624257

confirmed or acknowledged in writing (or made of record in court) by a duly authorized representative thereof.

**If you have any questions regarding the terms used in this request, its scope, or the production of a particular document or group of documents you may contact Joy McCormack by phone at (312) 596-0527 or by email at JMcCormack@cftc.gov; or contact Carlin Metzger by phone at (312) 596-0536 or via email at cmetzger@cftc.gov.**

7

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

## DOCUMENTS TO BE PRODUCED

**You are hereby required to produce to the Commodity Futures Trading Commission's Division of Enforcement all of the following documents in your possession, custody or control:**

1. **Documents concerning the structure, formation and relationship among the entities involved in the operation of, or holding an interest in, BitMEX including, but not limited to:**

   a. Corporate or partnership formation documents, operating agreements and partnership agreements;

   b. Documents concerning the relationship between the entities involved in the operation of BitMEX;

   c. Corporate minutes;

   d. All contracts between BitMEX-affiliated entities; and

   e. Organizational charts showing the structure or relationship between the various legal entities with an interest in, or involved in the operation of, BitMEX.

2. **Documents concerning the identify, roles and locations of the individuals involved in the operation of BitMEX including, but not limited to:**

   a. All employment agreements for BitMEX employees;

   b. Documents sufficient to identify directors and officers of BitMEX, their job titles/roles, and, if applicable, their respective percentages of ownership;

   c. Documents sufficient to identify the roles of employees or contractors in the operation of BitMEX;

   d. Documents sufficient to identify all BitMEX employee or contractor work locations;

   e. All contracts and leases for office space; and

   f. Organizational charts showing the structure of employee roles, and the divisions or groups operating BitMEX.

3. **Documents concerning licenses or registrations held by BitMEX including, but not limited to:**

   a. All licenses or registrations held by BitMEX; and

   b. All applications for licensing or registration by BitMEX.

4. **Documents concerning BitMEX's finances and tax payments including, but not limited to:**

   a. All quarterly and annual balance sheets and income statements;

   b. Documents sufficient to identify BitMEX's banking relationships and bank accounts;

8

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

   c. Documents sufficient to demonstrate BitMEX's financial capacity to provide leverage and credit to its customers;

   d. All United States federal and state tax returns; and

   e. All documents showing the payment of payroll taxes in the United States.

5. **Documents concerning the storage of data by BitMEX including, but not limited to:**

   a. All data storage agreements between BitMEX and any data storage service providers; and

   b. Documents sufficient to identify the physical location of all servers utilized by BitMEX.

6. **Documents concerning the customer base of BitMEX including, but not limited to:**

   a. All account opening documents for customers of BitMEX located in the United States;

   b. All Know Your Customer documents collected or maintained by BitMEX for customers located in the United States;

   c. All documents concerning accounts at BitMEX held by U.S. customers; and

   d. All documents concerning the measures BitMEX takes to detect or prevent access to its platform by customers located in the United States.

7. **Documents concerning the measures BitMEX takes to safeguard customer virtual currencies including, but not limited to:**

   a. All policies and procedures concerning the storage of virtual currencies for customers of BitMEX;

   b. All policies and procedures concerning measures BitMEX takes to safeguard virtual currency in its custody; and

   c. All policies and procedures concerning the segregation of customer virtual currencies from the virtual currencies of BitMEX.

8. **Documents concerning trading on the BitMEX platform including:**

   a. Any customer, user or trader complaints received by BitMEX regarding the mishandling of an account, account or position liquidations, manipulative or otherwise disruptive trading, wash-trading, or spoofing;

   b. All policies, procedures, or rules concerning BitMEX's detection or prevention of manipulative or otherwise disruptive trading, wash-trading, and spoofing on its platform; and

   c. All documents and communications concerning investigations or reviews of mishandling of an account, account or position liquidations, manipulative or otherwise disruptive trading, wash-trading, and spoofing on the BitMEX platform.

   d. All order message data (including submits, modifications, cancels, executions, and any other messages between BitMEX and its customers), aggregated order book data, and settlement prices for all products, for the following weeks:

9

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020766
US_00624260

            i.   May 7-11, 2018

           ii.   July 9-13, 2018

    e.   August 20-24, 2018.

9.  **Documents concerning the BitMEX Market Making Desk described in the April 30, 2018 blog post of Arthur Hayes on the BitMEX blog, https://blog.bitmex.com (hereafter referred to as the "BitMEX Market Making Desk") including, but not limited to:**

    a.   All documents concerning the profits and losses of the BitMEX Market Making Desk;

    b.   Documents sufficient to identify directors and officers of the BitMEX Market Making Desk, their job titles/roles, and, if applicable, their respective percentages of ownership;

    c.   Documents sufficient to identify the roles of employees or contractors in the operation of the BitMEX Market Making Desk;

    d.   All policies and procedures relating to the BitMEX Market Making Desk;

    e.   All documents concerning the compensation of the BitMEX Market Making Desk;

    f.   Documents sufficient to identify the BitMEX Market Making Desk within the order message data provided by BitMEX in response to this subpoena.

10. **Documents concerning market makers on BitMEX including, but not limited to:**

    a.   Documents sufficient to identify market makers trading on BitMEX; and

    b.   Examples of all rebates or market making incentive programs.

11. **Documents concerning the measures BitMEX takes to safeguard against risk including, but not limited to:**

    a.   All documents concerning financing obtained by BitMEX for its operations;

    b.   All documents concerning measures BitMEX takes to maintain a capital buffer or working capital to respond to volatility, outages, and other contingencies;

    c.   All documents concerning measures BitMEX takes to manage the risk associated with its customers' leveraged or margined trades;

    d.   All documents concerning insurance maintained by BitMEX to protect against any risks to customer virtual currency;

    e.   All policies and procedures concerning the provision of margin, leverage or credit to BitMEX customers; and

    f.   All policies and procedures regarding customer account liquidations.

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020767
US_00624261



U.S. COMMODITY FUTURES TRADING COMMISSION
WASHINGTON, D.C. 20581

Statement to Persons Providing Information about Themselves to
the Commodity Futures Trading Commission

This document sets forth your legal rights and responsibilities as a person requested to supply information about yourself voluntarily, as a person with recordkeeping obligations under the Commodity Exchange Act or CFTC regulations, or as a person directed to provide sworn testimony or produce documents pursuant to a subpoena of the Commodity Futures Trading Commission ("Commission" or "CFTC").  When applicable, this statement also provides important information about the deposition process for persons providing testimony.  Unless stated otherwise, the information below applies whether you are providing information voluntarily, pursuant to the recordkeeping obligations of a registrant, or pursuant to subpoena.

<u>FALSE STATEMENTS AND DOCUMENTS</u>

Any person who knowingly and willfully makes false or fraudulent statements, whether under oath or otherwise, or falsifies, conceals or covers up a material fact, or submits any false writing or document, knowing it to contain false, fictitious or fraudulent information, is subject to the criminal penalties set forth in 18 U.S.C. § 1001, which include imprisonment of not more than five years, imposition of a substantial fine under the Federal Sentencing Guidelines, or both.

It shall also be unlawful for any person to make any false or misleading statement of a material fact to the Commission, including in any registration application or any report filed with the Commission under this Act, or any other information relating to a swap, or a contract of sale of a commodity, in interstate commerce, or for future delivery on or subject to the rules of any registered entity, or to omit to state in any such statement any material fact that is necessary to make any statement of a material fact made not misleading in any material respect, if the person knew, or reasonably should have known, the statement to be false or misleading, as set forth in Section 6(c)(2) of the Commodity Exchange Act, 7 U.S.C. § 9(2).

<u>PRIVACY ACT</u>

To restrict unauthorized dissemination of personal information, the Privacy Act of 1974, 5 U.S.C. § 552a, limits an agency's ability to disclose such information.[1]  Under the Privacy Act, the Commission may disclose protected information as follows:  when the individual to whom the record pertains consents in writing; when officers and employees of the Commission need the record to perform their duties; when required by the terms of the Freedom of Information Act, 5 U.S.C. § 552; or when disclosure is for a "routine use" (i.e., one compatible with the purpose for which the information was collected).

---

[1]  Individuals should refer to the full text of the Privacy Act, 5 U.S.C. § 552a, to the Commission's Regulations, 17 C.F.R. § 146, and the CFTC's compilation of System of Record Notices, 76 Fed. Reg. 5974 (Feb. 2, 2011), for a complete list of authorized disclosures and coverage of the Act.  Only those disclosures arising most frequently are mentioned in this document.

1

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020768
US_00624262



The Privacy Act also requires that, in certain situations, individuals requested to provide information about themselves receive notice of the following:

1.   <u>AUTHORITY FOR SOLICITATION OF INFORMATION</u>.

   a.   Recordkeeping for Registered Persons (other than Registered Swap Dealers and Major Swaps Participants).  Sections 4f, 4g and 4n of the Commodity Exchange Act, 7 U.S.C. §§ 6f, 6g, 6n, and Commission Regulations 1.12, 1.14, 1.18, 1.25, 1.31, 1.33, 1.34, 1.35, 1.37, 1.55, 3.12, 4.23, 4.33, 32.7 and 33.7, 17 C.F.R. §§ 1.12, 1.14, 1.18, 1.25, 1.31, 1.33, 1.34,1.35, 1.37, 1.55, 3.12, 4.23, 4.33, 32.7, 33.7, require Registered Persons other than Registered Swap Dealers and Major Swaps Participants to keep records and reports of transactions and positions in commodities for future delivery on any board of trade in the United States or elsewhere.  Registered Persons must also keep books and records pertaining to such transactions (including daily trading records, customer records, and information concerning volume of trading) in the form and manner and for such period of time required by the Commission.  All such books and records must be made available for inspection by any representative of the Commission or the Department of Justice.

   b.   Recordkeeping for Members of a Registered Entity.  Commission Regulations 1.31, 1.35 and 1.37, 17 C.F.R. §§ 1.31, 1.35, 1.37, require Members of a Registered Entity to keep records and reports of transactions and positions in commodities for future delivery and options on any board of trade in the United States or elsewhere, as well as cash commodities.  Members of a Registered Entity must also keep books and records pertaining to such transactions (including daily trading records, customer records, and information concerning volume of trading) in the form and manner and for such period of time required by the Commission.  All such books and records must be made available for inspection upon request by any representative of the Commission or the Department of Justice.  Commission Rule 1.40, 17 C.F.R. § 1.40, requires each Member of a Registered Entity to furnish to the Commission certain reports concerning crop or market information or conditions that affect or tend to affect the price of any commodity.

   c.   Recordkeeping for Large Traders.  Section 4i of the Commodity Exchange Act, 7 U.S.C. § 6i, and Commission Regulations 1.31 and 18.05, 17 C.F.R. §§ 1.31, 18.05, require Large Traders to keep books and records showing, among other things, all details concerning all positions and transactions in the commodity, and in its products and by-products, whether executed through a contract for future delivery, an option contract or a cash contract, and whether such contract is executed through a board of trade, an exempt commercial market, an exempt board of trade, a foreign board of trade or an over-the-counter transaction.  All such books and records, and pertinent information concerning the underlying positions, transactions or activities, must be made available for inspection in a form acceptable to the Commission upon request by any representative of the Commission.

   d.   Recordkeeping for Registered Swap Dealers and Major Swaps Participants.  Sections 4r and 4s of the Commodity Exchange Act, 7 U.S.C. §§ 6r, 6s, and Commission Regulations 1.31, 23.201, 23.202, 23.203, 23.504, 23.505, 23.603, 23.606, 45.2, and 46.2, 17 C.F.R. §§ 1.31, 23.201, 23.202, 23.203, 23.504, 23.505, 23.603, 23.606, 45.2, 46.2, require Swap Dealers ("SDs") and Major Swaps Participants ("MSPs") to keep records of all activities relating to their business with respect to swaps.  The records must be readily accessible throughout the life of the swap and for two years following its termination, and retrievable by the SD or MSP within three business days during the remainder of the retention period.  Each SD and MSP shall make available for disclosure to and inspection by the Commission and its prudential regulator, as

2



applicable, all information required by, or related to, the Commodity Exchange Act and Commission Regulations, including: (i) the terms and condition of its swaps; its swaps trading operations, mechanisms, and practices; financial integrity and risk management protections relating to swaps; and (iv) any other information relevant to its trading in swaps. Such information shall be made available promptly, upon request, to Commission staff and the staff of the applicable prudential regulator, at such frequency and in such manner as is set forth in the Commodity Exchange Act, Commission regulations, or the regulations of the applicable prudential regulator.

e. Recordkeeping by Swaps Participants who are not Registered. Section 4r of the Commodity Exchange Act, 7 U.S.C. § 6r, and Commission Regulations 1.31, 45.2, and 46.2, 17 C.F.R. §§ 1.31, 45.2, 46.2, require non-SD/MSP counterparties to keep records with respect to each swap in which they are a counterparty. Required records must be kept by all swap counterparties throughout the existence of a swap and for five years following termination of the swap. In the case of a non-SD/MSP counterparty, the records must be retrievable by the counterparty within five business days throughout the retention period.

f. Investigations. Sections 6(c) and 8(a) of the Commodity Exchange Act, 7 U.S.C. §§ 9, 12(a), and Commission Rule 11.2, 17 C.F.R. § 11.2, authorize the Commission to conduct investigations. In the course of any investigation or proceeding, the Commission or an officer designated by the Commission may administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, require production of documents, and secure voluntary statements or submissions.

g. Whistleblowers. Section 23 of the Commodity Exchange Act, 7 U.S.C. § 26, and Commission Rule 165, 17 C.F.R. § 165, authorize the Commission to obtain information from persons seeking to participate in the Commission's whistleblower program. Commission staff may request information from prospective whistleblowers to determine whether a tip or complaint relates to a violation of the Commodity Exchange Act, to further an investigation into any such violation, and/or to determine whether the person submitting the information is eligible to participate in the program. The Commission will not disclose information that could reasonably be expected to reveal the identity of a whistleblower, except under the circumstances described in Commission Rule 165.4, 17 C.F.R. § 165.4, and Section 23(h)(2) of the Commodity Exchange Act, 7 U.S.C. § 26(h)(2).

2.   PURPOSE OF SOLICITATION OF INFORMATION. The Commission's principal purpose in soliciting information from you is to determine whether any person has violated, is violating, or is about to violate the Commodity Exchange Act or the rules and regulations thereunder. In certain circumstances, the Commission may be obtaining information at the behest of a foreign futures authority under Section 12(f) of the Commodity Exchange Act, 7 U.S.C. § 16(f).

3.   EFFECT OF NOT SUPPLYING INFORMATION.
   a. Persons Directed to Provide Testimony or Produce Documents Pursuant to Subpoena. Disclosure of information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have. If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If the Commission obtains such an order and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt.

3



b. Persons Requested to Provide Information Voluntarily.  There are no direct effects or sanctions for failing to provide any or all of the requested information.  If you do provide information, however, you should note the sanctions for false statements and documents described above.

c. Registered Persons.  Disclosure of requested books or records is mandatory pursuant to the provisions listed in paragraph 1.a. above.  Failure to submit or make available for inspection the requested information constitutes a violation of the Commodity Exchange Act and Commission Regulations and may result in any or all of the following under Sections 6(c), 6(d) or 6c of the Commodity Exchange Act, 7 U.S.C. §§ 9, 13b, 13a-1, 15:

1) Institution of an action by the Commission to enjoin such a violation or enforce compliance;

2) Upon proper showing, granting of a temporary or permanent injunction or restraining order without bond;

3) Upon application by the Commission, issuance of writs of mandamus or orders offering like relief commanding compliance with the Commodity Exchange Act;

4) Imposition of a civil penalty of not more than the greater of $140,000 or such higher inflation adjusted amount as provided by Regulation 143.8, 17 C.F.R. §143.8 or triple the monetary gain to the person for each violation;

5) At the request of Commission, institution of an action by the Attorney General;

6) Prohibition of trading on, or subject to the rules of, a registered entity and require all registered entities to refuse the person all privileges;

7) Suspension or revocation of registration with the Commission;

8) Required payment of restitution to customers for damages proximately caused by violations;

9) Entry of a cease and desist order;

10) Imposition of a restraining order prohibiting you from destroying, altering or disposing of, or refusing to allow authorized representatives of the Commission to inspect, when and as requested, such books, records or other documents; and

11) Imposition of a restraining order prohibiting you from withdrawing, transferring, removing, dissipating or disposing of any funds, assets or other property.

d. Whistleblowers.  Failure to provide information requested by Commission staff in relation to a whistleblower submission may affect your ability to receive a whistleblower award, or the potential amount of an award.

4.   UNDERLINE ROUTINE USES OF INFORMATION.  The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors.  There is a likelihood that information supplied by you will be made available to such agencies where appropriate.  Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other government agencies.  Information which you provide may be used in the

4

BMX-SDNY3-00020771
US_00624265



routine operation of the Commission, which includes law enforcement, review of legislative and regulatory proposals, regulation of the commodity futures and swaps markets, and review of reports and documents filed with the Commission.

Specific routine uses include the following:[2]

a. Information may be used by the Commission in any administrative proceeding before the Commission, in any injunctive action authorized under the Commodity Exchange Act, or in any other action or proceeding in which the Commission or its staff participates as a party or the Commission participates as amicus curiae.

b. Information may be disclosed to the Department of Justice, the Securities and Exchange Commission, the United States Postal Service, the Internal Revenue Service, the Department of Agriculture, the Office of Personnel Management, and to other Federal, state, local, territorial or tribal law enforcement or regulatory agencies for use in meeting their statutory and regulatory requirements.

c. Information may be given to any "registered entity," as defined in Section 1a of the Commodity Exchange Act, 7 U.S.C. § 1a, if the Commission has reason to believe that such information will assist the registered entity in carrying out its responsibilities under the Act. Information may also be given to any registered futures association registered under Section 17 of the Commodity Exchange Act, 7 U.S.C. § 21, (e.g., the National Futures Association) to assist it in carrying out its self-regulatory responsibilities under the Act, and to any national securities exchange or national securities association registered with the Securities and Exchange Commission to assist those organizations in carrying out their self-regulatory responsibilities under the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*

d. At the discretion of the Commission staff, information may be given or shown to anyone during the course of a Commission investigation if the staff has reason to believe that the person to whom it is disclosed may have further information about the matters discussed therein, and those matters appear relevant to the subject of the investigation.

e. Information may be included in a public report issued by the Commission following an investigation, to the extent that this is authorized under section 8 of the Commodity Exchange Act, 7 U.S.C. § 12. Section 8 authorizes publication of such reports but contains restrictions on the publication of certain types of sensitive business information developed during an investigation. In certain contexts, some of this information might be considered personal in nature.

f. Information may be disclosed to a Federal agency in response to its request in connection with the hiring or retention of an employee, the issuance of a security clearance, the reporting of an investigation of an employee, the letting of a contract or the issuance of a license, or a grant or other benefit by the requesting agency, to the extent that the information may be relevant to the requesting agency's decision on the matter.

g. Information may be disclosed to a prospective employer in response to its request in connection with the hiring or retention of an employee, to the extent that the information is believed to be relevant to the prospective employer's decision in the matter.

---

[2] See CFTC compilation of System of Record Notices, including routine uses, at 76 Fed. Reg. 5974 (Feb. 2, 2011).

5

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL



h. Information may be disclosed to any person, pursuant to Section 12(a) of the Commodity Exchange Act, 7 U.S.C. § 16(a), when disclosure will further the policies of that Act or of other provisions of law.  Section 12(a) authorizes the Commission to cooperate with various other government authorities or with "any person."

i. Where information, either alone or in conjunction with other information indicates a violation or potential violation of law – criminal, civil or regulatory in nature – the relevant information may be disclosed to the appropriate Federal, state, local, territorial, tribal or foreign law enforcement authority or other appropriate entity charged with the responsibility for investigating or prosecuting such violation or charged with enforcing or implementing such law.

j. Information may be disclosed to the General Services Administration, or the National Archives and Records Administration, for the purpose of records management inspections conducted under the authority of 44 U.S.C. §§ 2904 and 2906.

k. Information may be disclosed to foreign law enforcement, investigatory or administrative authorities in order to comply with requirements set forth in international arrangements, such as memoranda of understanding.

l. Information may be disclosed to contractors, grantees, volunteers, experts, students and others performing or working on a contract, service, grant, cooperative agreement or job for the Federal government when necessary to accomplish an agency function.

m. Information may be disclosed to the Merit Systems Protection Board, including the Office of Special Counsel, for the purpose of litigation, including administrative proceedings, appeals, special studies of the civil service and other merit systems.

n. Information may be disclosed to the Department of Justice or in a proceeding before a court, adjudicative body or other administrative body which the agency is authorized to appear, when:

    i. the agency, or any component thereof; or

    ii. any employee of the agency in his or her official capacity; or

    iii. any employee of the agency in his or her official capacity where the Department of Justice or the agency has agreed to represent the employee; or

    iv. the United States, when the agency determines that litigation is likely to affect the agency or any of its components;

is a party to litigation or has an interest in such litigation, and the use of such records by the Department of Justice or the agency is deemed by the agency to be relevant and necessary to the litigation; provided, however, that in each case it has been determined that the disclosure is compatible with the purpose for which the records were collected.

o. Information may be disclosed to a Member of Congress or staff acting upon the Member's behalf when the Member or staff requests the information on behalf of, or at the request of, the individual who is the subject of the record.

p. Information related to any traders or the amount or quantity of any commodity purchased or sold by such traders may be disclosed to any committee of either House of Congress

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020773
US_00624267



upon its request, acting within the scope of its jurisdiction, pursuant to the Commodity Exchange Act, including Section 8(e) of such Act, 7 U.S.C. § 12(e), and the rules and regulations promulgated thereunder.

q. Information may be disclosed to another Federal agency, to a court or a party in litigation before a court or in an administrative proceeding being conducted by a Federal agency, when the Government is a party to the judicial or administrative proceeding.

r. Information may be disclosed to appropriate agencies, entities and individuals when:

   i. the Commission suspects or has confirmed that the security or confidentiality of information in the system of records has been compromised;

   ii. the Commission has determined that as a result of the suspected or confirmed compromise there is a risk of harm to economic or property interests, identity theft or fraud, or harm to the security or integrity of this system or other systems or programs (whether maintained by the Commission or another agency or entity) that rely upon the compromised information; and

   iii. the disclosure made to such agencies, entities, and individuals is reasonably necessary to assist in connection with the Commission's efforts to respond to the suspected or confirmed compromise and prevent, minimize or remedy such harm.

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020774
US_00624268



## FREEDOM OF INFORMATION ACT

The Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Commission's rules and regulations pursuant thereto, 17 C.F.R. § 145, generally provide for disclosure of information to the public, unless information falls within a specified exemption.  Commission Rule 145.9, 17 C.F.R. § 145.9, establishes the procedure by which you may request that certain sensitive information not be disclosed pursuant to a FOIA request.

## INFORMAL PROCEDURE RELATING TO THE
## RECOMMENDATION OF ENFORCEMENT PROCEEDINGS

As a result of facts gathered in an investigation, the Division of Enforcement may decide to propose an enforcement action against one or more individuals.  Under the Informal Procedure Relating to the Recommendation of Enforcement Proceedings,[3] the Division of Enforcement, in its discretion, may inform persons to be named in such actions of the nature of the allegations pertaining to them. The Division may also, in its discretion, advise such persons that they may submit a written statement before the consideration by the Commission of any staff recommendation for the commencement of the proceeding.  Unless otherwise provided, such written statements must be submitted within 14 days after persons are informed by the Division of Enforcement of the nature of the allegations pertaining to them.

## SMALL BUSINESS REGULATORY AND ENFORCEMENT FAIRNESS ACT

Your comments are important.  If you wish to comment on the enforcement or regulatory actions of the Commodity Futures Trading Commission, please call the Small Business Liaison in the Office of General Counsel at (202) 418-5120.  You may also wish to contact the Small Business and Agriculture Regulatory Enforcement Ombudsman, or one of the 10 Regional Fairness Boards, which were established by the Small Business Regulatory and Enforcement Fairness Act.  The Ombudsman and Boards receive comments from small businesses about Federal agency enforcement actions.  The Ombudsman will annually evaluate the enforcement activities and rate each agency's responsiveness to small business.  If you wish to contact the Ombudsman to comment on the enforcement actions of the CFTC, please call1-888-REG-FAIR (1-888-734-3247).

---

[3]  The Informal Procedure has been adopted as Appendix A to Part 11 of the Commission's Regulations, 17 C.F.R. § 11, Appendix A.  Appendix A more fully sets forth the substantive and procedural provisions of the Informal Procedure.

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020775
US_00624269



<u>TESTIMONY</u>

The following information applies to individuals providing sworn testimony:

1. <u>RECORD</u>.  Your testimony will be transcribed by a reporter.  If at any time you wish to go off the record, please inform the Commission representative taking your testimony, and that representative will decide whether to grant your request.  The reporter will go off the record only at the request of the Commission representative, and not at the direction of you or your counsel.  The Commission representative may summarize all off-the-record discussions when you go back on the record.

2. <u>COUNSEL</u>.  You may be accompanied, represented and advised by counsel.  He or she must be an attorney-at-law admitted to practice before the highest court in any state or territory or the District of Columbia, who has not been suspended or disbarred from appearance and practice before the Commission.  Your counsel may be present and may advise you before, during and after your testimony.[4]

   Counsel may also question you briefly at the conclusion of your testimony to clarify any answers, and may make summary notes during your testimony.  You may consult with your counsel at any time during the proceedings.  If you want to consult privately with counsel, inform the Commission representative taking your testimony and necessary arrangements will be made.

   If you are not accompanied by counsel and decide at any time during the proceeding that you wish to be accompanied, represented or advised by counsel, please so advise the Commission representative taking your testimony.  The proceeding will then be adjourned to afford you the opportunity to make necessary arrangements.

   The Commission may for good cause exclude a particular attorney from further participation in any investigation in which the Commission has found the attorney to have engaged in dilatory, obstructionist or contumacious conduct.

   You may be represented by counsel who represents other persons involved in the Commission's investigation.  This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's.  If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest.  The choice of counsel, and the responsibility for that choice, is yours.

3. <u>PERJURY</u>.  Any person making false statements under oath during a Commission investigation is subject to the criminal penalties for perjury in 18 U.S.C. § 1621, which provides, in relevant part, that:

   > Whoever ... having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, ... willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true

---

[4]  No one other than your attorney and persons providing assistance to your attorney necessary to ensure representation of counsel are entitled to accompany, represent or advise you at the proceeding.

9



... is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under [title 18] or imprisoned not more than five years, or both.

4.   <u>TRANSCRIPT AVAILABILITY</u>.  Under Commission Rule 11.7(b), 17 C.F.R. § 11.7(b), any person compelled to submit testimony in the course of an investigatory proceeding is entitled, upon payment of appropriate fees, to procure a copy or transcript of his or her testimony.  For good cause, however, a witness may be limited to review of the official copy of his or testimony. The rights provided by this rule also apply to individuals testifying voluntarily.

To request written authorization to purchase a copy of the transcript of your testimony, send a written request to the Commission representative taking your testimony.  Whether or not you wish to purchase a copy of the transcript, a copy will be available for your review at the Commission office most convenient to you.  To arrange for such review, contact the Commission representative taking your testimony.

5.   <u>FIFTH AMENDMENT</u>.  Information you provide may be used against you in any Federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.  In accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, you may refuse to provide information that may tend to incriminate you or otherwise subject you to a fine, penalty or forfeiture, by invoking the Fifth Amendment.  An adverse inference may be drawn in a civil or administrative proceeding from your refusal to testify.

6.   <u>FAILING TO ANSWER QUESTIONS</u>.

a.   Testimony Pursuant to Subpoena.  If testifying pursuant to a subpoena, your disclosure of information to the Commission is mandatory, subject to any legal right or privilege you may have.  If you fail to provide requested information, the Commission may seek a court order requiring you to do so.  If such an order is obtained, you may be subject to civil and/or criminal sanctions for contempt of court for any continued failure to supply the information.

b.   Voluntary Testimony.  If your testimony is not pursuant to a subpoena, your appearance to testify is voluntary.  Accordingly, you may leave the proceeding at any time, and you are not required to answer questions.  There are no direct sanctions or effects for failing to supply all or part of the information requested by the Commission.  If you do provide information, however, you should note the sanctions for false statements and documents described above.

7.   <u>FORMAL ORDER AVAILABILITY</u>.  If the Commission has issued a formal order of investigation, Commission Rule 11.7(a), 17 C.F.R. § 11.7(a), allows you to examine it at your request during your testimony.  To obtain a copy of the formal order, however, you must submit a written request to the Commission representative taking your testimony and demonstrate that your retention of a copy of the formal order "would be consistent both with the protection of privacy of persons involved in the investigation and with the unimpeded conduct of the investigation."  Commission Rule 11.7(a), 17 C.F.R. § 11.7(a).

8.   <u>ALLOWABLE FEES AND EXPENSES</u>.  The Commission is neither required nor authorized to pay fees and mileage to the witness upon service of a subpoena.  7 U.S.C. §§ 9, 15; 28 U.S.C. § 1825(c); 31 U.S.C. § 3324(b); 17 C.F.R. § 11.4.  However, after giving testimony pursuant to a subpoena, the witness may request of the Commission, and

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020777
US_00624271



the Commission will pay, the same fees and mileage that are paid to witnesses in the courts of the United States.  17 C.F.R. § 11.4(d).  *See also* 28 U.S.C. § 1821.[5]

a.  Attendance Fees.  You are entitled to the prevailing Federal witness fee for each day's attendance, including time needed to travel to and from the location of the proceeding.

b.  Common Carrier Transportation.  If traveling by common carrier, you will be paid the actual expenses of transportation between your residence and the location of the proceeding, using the shortest practical route and the most economical rate reasonably available.  To ensure the lowest rate, contact the Business Manager, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, for a prepaid travel ticket.  Receipts must be submitted with all claims for transportation expenses.  If you were supplied with a government-paid airline or train ticket, attach the receipt and/or stub to your claim.

c.  Rental Cars.  Reimbursement for the use of a rental car cannot be made unless authorized in advance by the Commission on a signed travel order.  The Commission must determine whether use of a rental car is cost beneficial to the government.

d.  Travel by Privately Owned Vehicle (POV).  If traveling by POV, you are entitled to a mileage allowance based on a uniform table of distances at a rate established by the General Services Administration and published at 28 U.S.C. § 1821(c)(2).  Travel by POV must be approved in writing by Commission staff as advantageous to the government.

e.  Miscellaneous Travel Expenses.  You are entitled to reimbursement for the following charges:  toll charges on roads, bridges, tunnels and ferries; necessary taxicab fares between places of lodging and carrier terminals; and parking fees.  You are not entitled to reimbursement for telephone expenses.  Receipts must be submitted to obtain reimbursement for all permitted expenses.

f.  Subsistence Expenses.  You are entitled to reimbursement for subsistence expenses when the distance between the place of attendance and your residence precludes daily return travel.  Subsistence allowances for witnesses are calculated and paid in the same manner as those paid to Federal employees.  For information concerning the maximum daily allowance for reimbursement in your area, contact the Business Manager, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.  Receipts must be submitted for lodging expenses and all individual expenditures.

g.  Reimbursement.  To receive reimbursement for allowable witness fees and expenses, you must complete and return a reimbursement claim form to the Commission within 60 days of the date of your appearance.  The claim must include the departure time from your residence and the time you returned to your residence after presenting testimony.  In order to receive reimbursement, all receipts specified above must be submitted with the claim.  To obtain a reimbursement claim form, contact the Commission representative taking your testimony.

If you do not want to receive any reimbursement for fees and expenses, please:

(1) print your name in Part I of the reimbursement claim (address is not necessary);

---

[5]  The exact amount of the prevailing attendance fee, mileage allowance, and subsistence allowance for Federal witnesses is published at 28 U.S.C. § 1821.

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020778
US_00624272



(2) complete Part II, Line 7 with "0";

(3) sign and date Line 9; and

(4) return claim.

If you received a government-paid airline or train ticket, please attach the receipt or stub to the claim.

h.   Travel Order.  In order to ensure that you will be reimbursed for your expenses, it is in your best interest to secure a signed copy of the travel order from the Business Manager, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, prior to testifying, if feasible.  The travel order specifies all expenses which have been authorized, including, for example, travel by POV or rental car.

12



# CFTC Data Delivery Standards

## Effective: May 27, 2016

This document describes the technical requirements for electronic document productions to the Commodity Futures Trading Commission (CFTC). Any proposed file formats other than those described below must be discussed with the legal and technical staff of the CFTC Division of Enforcement prior to submission.

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020780
US_00624274



# CFTC Data Delivery Standards
*Effective: May 27, 2016*

This document describes the technical requirements for electronic document productions to the Commodity Futures Trading Commission (CFTC).

**\*\*Any proposed file formats other than those described below must be discussed with the legal and technical staff of the CFTC Division of Enforcement prior to submission.\*\***

## Contents

General Instructions .................................................................................................................. 2

Electronic Discovery Protocols ................................................................................................. 3

Delivery Formats ...................................................................................................................... 3

  I.   Native File Production ........................................................................................................ 3

    1.   Emails ............................................................................................................................ 3

    2.   Account Statements ...................................................................................................... 3

    3.   Instant Messages (IMs) ................................................................................................ 3

    4.   Audio Files .................................................................................................................... 4

    5.   Video Files .................................................................................................................... 4

    6.   Transcripts .................................................................................................................... 5

  II.   Imaged Collections ............................................................................................................ 5

    1.   Images ........................................................................................................................... 5

    2.   Concordance Image® Cross-Reference File ................................................................ 5

    3.   Data File ........................................................................................................................ 6

    4.   Text ............................................................................................................................... 9

    5.   Linked Native Files ...................................................................................................... 9

  III.   Productions of Adobe PDF Files ....................................................................................... 9

  IV.   Productions of Website Content ......................................................................................... 9

  V.   Productions of Forensic Images of Computer Media ...................................................... 10

  VI.   Productions of Forensically Acquired Mobile Device Data ........................................... 10

  VII.   FTP (File Transfer Protocol) Submission ....................................................................... 10

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020781
US_00624275



# CFTC Data Delivery Standards

*Effective:  May 27, 2016*

## General Instructions

Electronic files must be produced in their native format, i.e., the format in which they are ordinarily used and maintained during the normal course of business.  For example, an MS Excel file must be produced as an MS Excel file rather than an image of a spreadsheet.

(Note:  An Adobe PDF file is **not** considered a native file unless the document was initially created as a PDF.)

In the event produced files require the use of proprietary software not commonly found in the workplace, the CFTC will explore other format options with the producing party.

In regards to imaged collections, the use of file de-duplication methodologies in preparing productions is becoming more commonplace.  If your production will be de-duplicated it is vital that you 1) preserve any unique metadata associated with the duplicate files, for example, custodian name, and, 2) make that unique metadata part of your production to the CFTC.

General requirements for ALL document productions are:

1. **Production of data via email is unacceptable.**
2. Reference the specific portion of the request to which you are responding, along with a summary of the number of files in the production, so that we can confirm everything is loaded into our review system.
3. All native file submissions must be organized **by custodian** unless otherwise instructed.
4. All load-ready collections should include only one data load file and one image pointer file.
5. All load-ready text must be produced as separate text files, not as fields within the .DAT file.
6. All load-ready collections should account for custodians in the custodian field.
7. Audio files should be separated from data files if both are included in the production.
8. The preferred method of submission is via File Transfer Protocol (FTP).  (See details in Section IV on page 10.)
9. Large productions (any production above 10 GB) must be submitted to the CFTC on media such as a CD, DVD, thumb drive, or hard drive.  The media must be clearly marked with the following:
   a. Matter name
   b. Producing party
   c. Production date
   d. Disk number (1 of X), if applicable
10. Only alphanumeric characters and the underscore character are permitted in file names and **folder names**.  Special characters are not permitted.  Any data received with file names or folders with special characters, including the comma, will be rejected.  The combined length of the file path with folder and file name should not exceed 255 characters.
11. Include information within the cover letter regarding the time zone used, if emails or other electronic files were standardized during conversion.
12. If you want the submitted material returned at the conclusion of the investigation you must indicate that preference in writing when the material is produced, **and** the media on which it is provided *must* be encrypted.

Page | 2

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020782
US_00624276



# CFTC Data Delivery Standards

*Effective: May 27, 2016*

13. All production data containing sensitive or personally identifiable information must be encrypted using FIPS 140 compliant software.
14. Provide passwords for all password-protected files or hardware in a separate transmittal.
15. All productions should be checked and produced free of computer viruses and malware. Productions containing viruses or malware may not be accepted and will require a new production.
16. If the production is created using Relativity, Duplicate Spare = No must not be applied.

## Electronic Discovery Protocols

If a producing party wants to employ winnowing techniques to reduce the volume of production material, then consultation with the CFTC attorney is required to define and agree upon the requirements and applied technology. Thereafter, all productions made to the CFTC should reference the established protocol. Such methodologies may include, but are not limited to, the following criteria:

- Data Sources
- Custodians
- Date Range(s)
- Search Terms
- Deduplication
- Email Threading Usage
- Early Case Assessment (ECA) Usage
- Technology Assisted Review (TAR)
- Other Criteria, including alternative forms of analytics

## Delivery Formats

### I. Native File Production

Requirements for the production of native document files are listed below.

1. **Emails**: Emails and attachments must be produced as PST, NSF, DBX, MBOX, or MSG files. The file name must include the name of the email custodian. When a production consists of multiple custodians, a separate PST (or similar file) should be produced for each custodian.
2. **Account Statements**: Account statements must be produced in the same format in which they were originally created and distributed.
3. **Instant Messages (IMs)**: IMs should be produced in .PST format or a delimited text file which must include, at a minimum, the following fields:
    1) DATE
    2) TIME
    3) FROM
    4) TO
    5) CONVERSATION_TEXT
    6) CONVERSATION_INDEX

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020783
US_00624277



# CFTC Data Delivery Standards

*Effective: May 27, 2016*

Multiple conversations must be produced in a single file and a conversation index or similar unique string must be used to identify all threads of the same conversation. Field names must be included in the first row of the text file.

4. **Audio Files**: Audio files from telephone recording systems must be produced in a format that is playable using Microsoft Windows Media Player™. Types of audio files that will be accepted include:
   o Nice Systems audio files (.aud). AUD files offer efficient compression and would be preferred over both NMF and WAV files.
   o Nice Systems audio files (.nmf).
   o WAV files
   o MP3, MP4
   o WMA
   o AIF

Produced audio files must be in a separate folder compared to other data in the production.

Additionally, the call information (metadata) related to each audio recording **must be produced if it exists**. The metadata must include, at a minimum, the following fields:

| | | |
|---|---|---|
| 1) | CALLER_NAME or CALLER_ID: | Caller's name or identification number |
| 2) | CALLING_NUMBER: | Caller's phone number |
| 3) | FILENAME: | Filename of audio file |
| 4) | DATE: | Date of call |
| 5) | TIME: | Time of call |
| 6) | CALLED_PARTY: | Name of the party called |
| 7) | CALLED_NUMBER: | Called party's phone number |

The filename is used to link the metadata to the produced audio file. The file name in the metadata and the file name used to identify the corresponding audio file must match exactly. The metadata file must be produced in delimited text format. Field names must be included in the first row of the text file. A sample .DAT file containing only a few fields for illustration purposes is depicted below:

```
TypebþbAudio_TrimmedþþbCALLER_IDþþbCUSTODIANþþbDATEþþbTIMEþþbCALLED_NUMBERþþb
b07/09/2007 09:33:03þþbSpeakersþþbþþbþþbDoe, Janebþb07/09/2007þþb09:32:42þþbþþ
b07/17/2007 09:17:36þþbSpeakersþþbþþbþþbDoe, Janebþb07/17/2007þþb09:17:24þþbþþ
b10/12/2007 08:13:12þþbSpeakersþþbþþbþþbDoe, Janebþb10/12/2007þþb08:12:47þþbþþ
b10/12/2007 08:18:51þþbSpeakersþþbþþbþþbDoe, Janebþb10/12/2007þþb08:18:19þþbþþ
b12/05/2007 07:12:14þþbSpeakersþþbþþbþþbDoe, Janebþb12/05/2007þþb07:11:58þþbþþ
b12/17/2007 08:40:17þþbSpeakersþþbþþbþþbDoe, Janebþb12/17/2007þþb08:40:09þþbþþ
b12/31/2007 09:39:12þþbSpeakersþþbþþbþþbDoe, Janebþb12/31/2007þþb09:39:00þþbþþ
```

5. **Video Files**: Video files must be produced in a format that is playable using Microsoft Windows Media Player™ along with any available metadata. If it is known that the video files do not contain associated audio, indicate this in the accompanying transmittal letter. Types of video files accepted include:
   • MPG
   • AVI
   • WMV

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020784
US_00624278



# CFTC Data Delivery Standards

*Effective: May 27, 2016*

- MOV
- FLV

6. **Transcripts**: Legal transcripts must be produced electronically in manuscript form with line numbers and page numbers. The preferred format is plain text (ASCII), although LiveNote and Summation formats are acceptable.

## II. Imaged Collections

While the CFTC accepts imaged productions in addition to native formats, imaged productions without native formats are not permitted unless the original document only exists in hard copy form. When images are produced, they must comply with the requirements below.

***The use of file de-duplication methodologies in preparing productions is becoming more commonplace. If your production will be de-duplicated it is vital that you 1) preserve any unique metadata associated with the duplicate files, for example, custodian name, and, 2) make that unique metadata part of your production to the CFTC.***

Note: Adobe PDF files are **not** acceptable as imaged productions. PDF files are acceptable only when the document content was initially created as a PDF (e.g., fillable PDF forms) and not converted from another format.

### 1. Images

a. Black and white images must be 300 DPI Group IV single-page TIFF files.
b. Color images must be produced in JPEG format.
c. File names cannot contain embedded spaces or special characters (including the comma).
d. Folder names cannot contain embedded spaces or special characters (including the comma).
e. All image files must have a unique file name.
f. Images must be endorsed with sequential Bates numbers in the lower right corner of each image.
g. The number of TIFF files per folder should not exceed 500 files.
h. TIFF images of Excel spreadsheets are not useful for review purposes; because the imaging process can often generate thousands of pages per file, a placeholder image, named by the *IMAGEID* of the file, should be used instead, and the native Excel file should be produced.

### 2. Concordance Image® Cross-Reference File

The image cross-reference file is needed to link the images to the database. It is a comma-delimited file consisting of seven fields per line. There must be a line in the cross-reference file for every image in the database.

The format is as follows:

*ImageKey,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCount*

Page | 5

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020785
US_00624279



# CFTC Data Delivery Standards
*Effective: May 27, 2016*

| | |
|---|---|
| *ImageKey:* | This is the unique designation that Concordance and Concordance Image and Relativity use to identify and retrieve an image. This value may be the same as the Bates number endorsed on each image. |
| *VolumeLabel:* | Leave this field empty. |
| *ImageFilePath:* | This is the full path to the image file on the produced storage media. |
| *DocumentBreak:* | This field is used to delineate the beginning of a new document. If this field contains the letter "Y," then this is the first page of a document. If this field is blank, then this page is not the first page of a document. |
| *FolderBreak:* | This field is used to delineate the beginning of a new folder in the same manner as the *DocumentBreak* field. If this information is not available, then it may be left empty. |
| *BoxBreak:* | This field is used to delineate the beginning of a new box in the same manner as the *DocumentBreak* and *FolderBreak* fields. If this information is not available, then it may be left empty. |
| *PageCount:* | Leave this field empty. |
| Sample | LA-0000001,,E:\001\ LA-0000001.TIF,Y,,,<br>LA-0000002,,E:\001\ LA-0000002.TIF,,,,<br>LA-0000003,,E:\001\ LA-0000003.TIF,Y,,,<br>LA-0000004,,E:\001\ LA-0000004.TIF,,,,<br>LA-0000005,,E:\001\ LA-0000005.TIF,,,, |

## 3. Data File

The data file (.DAT) contains all of the fielded information that will be loaded into the *Concordance*® or *Relativity*® database.

a. The first line of the .DAT file must be a header record identifying the field names.

b. The .DAT file must use the following *Concordance*® default delimiters:
   Comma          ASCII character 20
   Quote      þ    ASCII character 254
   Newline    ®    ASCII character 174

c. Date fields should be provided in the format: MM/DD/YYYY.

d. If the production includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments.

e. A TEXTPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the Begno. Do not include the text in the .DAT file.

f. For production with native files, a NATIVELINK field must be included to provide the file path and name of the native file on the produced storage media.

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020786
US_00624280



# CFTC Data Delivery Standards

*Effective: May 27, 2016*

g. BegAtt and EndAtt fields must be two separate fields.
h. DateSent and TimeSent fields must be two separate fields.
i. All text and metadata associated with the document collection must be produced.

Sample of .DAT file (only includes a sample of fields)

```
þBegnoþþBegAttachþþEndAttachþþFileDescripþþFilenameþþRecordTypeþ
þEML-0030437þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030438þþþþþþOutlook Data FileþþRE: Your Question.htmþþþ
þEML-0030439þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030440þþþþþþOutlook Data FileþþLook.htmþþE-MAILþþþ
þEML-0030441þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030442þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030443þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030444þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030445þþþþþþOutlook Data FileþþATTN.htmþþE-MAILþþþ
þEML-0030446þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030447þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
þEML-0030448þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþþ
```

The metadata for the document collection should be provided in a .DAT file using the field definition and formatting described below:

| Field | Description | Field Type | Required |
|---|---|---|---|
| Begno | Displays the document identifier of the first page in a document or the entire document of an E-Doc. | Text | Yes |
| Endno | Page ID of the last page in a document (for image collections only). | Text | Yes for Image Collections |
| BegAttach | Displays the document identifier of a parent record. Must be separate from EndAttach field. | Text | If it Exists |
| EndAttach | Displays the document identifier of the last attached .document in a family. Must be separate from BegAttach field. | Text | If it Exists |
| PgCount | Number of pages in a document (for image collections only). | Text | Yes for Image Collections |
| FileDescription | Description of a native file type. | Text | Yes |
| Filename | Original filename of a native file. | Text | Yes for Documents |
| RecordType | Displays the record type for each entry in the load file. | Text | Yes |
| ParentID | Displays the document identifier of the attachment record's parent (only for attachments). | Text | If it Exists |
| NumAttach | Total number of records attached to the | Text | If it Exists |

Page | 7

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020787
US_00624281



# CFTC Data Delivery Standards

*Effective: May 27, 2016*

| Field | Description | Field Type | Required |
|---|---|---|---|
| | document. The value will always be 0 (zero) for the actual attachment records. | | |
| Attachmt | Populates parent records with document identifier of each attached record and is separated by semi-colons. | Text | If it Exists |
| Custodian | The owner of the record. | Text | Yes |
| From | Author of the e-mail message. | Text | Yes for email |
| To | Main recipient(s) of the e-mail message. | Text | Yes for email |
| CC | Recipient(s) of "Carbon Copies of the e-mail message. | Text | If it Exists |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. | Text | If it Exists |
| EMail_Subject | Subject of the e-mail message. | Paragraph | Yes for email |
| DateSent | Sent date of an e-mail message. Must be separate from TimeSent field. | MM/DD/YYYY | Yes for email |
| TimeSent | Time the e-mail message was sent. Must be separate from DateSent field. | Text | Yes for email |
| IntMsgID | Internet Message ID assigned to an e-mail message by the outgoing mail server. | Text | If it Exists |
| ConversationIndex | This is a 44 character string of numbers and letters that is created in the initial email and which as 10 characters added for each reply or forward of an email. | Text | Yes for email |
| Conversation Family | E-mail thread identification. Relational field for Conversion threads. | Text | Yes for email |
| EntryID | Unique identifier of e-mails in mail stores. | Text | If it Exists |
| Author | Author value pulled from metadata of the native file. | Text | If it Exists |
| Organization | Company extracted from metadata of the native file. | Text | If it Exists |
| Subject | Subject value extracted from metadata of the native file. | Paragraph | If it Exists |
| DateCreated | Creation date of the native file. | MM/DD/YYYY | If it Exists |
| DateLastMod | Date the native file was last modified. | MM/DD/YYYY | If it Exists |
| DateLastPrnt | Date the native file was last printed. | MM/DD/YYYY | If it Exists |
| MD5Hash | MD5 hash value. | Text | Yes |
| EDSource | Fully qualified original path to the source folder, files, and/or mail stores. | Text | Yes |
| NativeFile | Hyperlink to the native file. | Text | Yes |
| Textpath | Extracted text path. | Paragraph | Yes |
| Imagkey | Page ID of the first page of a document (for image collections only). Should be the same as the Begno field. | Paragraph | Yes |
| + Any other fields considered relevant by the producing party. | | | |

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020788
US_00624282



# CFTC Data Delivery Standards

*Effective: May 27, 2016*

### 4. Text

Text must be produced as separate text files, not as fields within the .DAT file. If text is included in the .DAT file as a field, the production will be rejected. Extracted text must be in a separate folder, one text file per document. The files must be named the same as the Begno field. The number of files per folder should not exceed 500 files. There should be no special characters (including commas in the folder names).

### 5. Linked Native Files

Copies of original email and native file documents/attachments must be included for all electronic productions.
   a. Native file documents must be named per the Begno field.
   b. The full path of the native file must be provided in the .DAT file for the NativeFile field.
   c. The number of native files per folder should not exceed 500 files.
   d. There should be no special characters (including commas in the folder names).

## III. Productions of Adobe PDF Files

PDF files are not substitutions for native files, as metadata is lost when PDFing native files. PDF productions that are produced as native productions will be rejected unless the files were originally created using Adobe (e.g., fillable electronic PDF forms) or prior agreement is reached with the designated CFTC attorney. In those exceptions, PDF productions should adhere to the following guidelines:

1. PDF files should be produced in separate folders named by the custodian. The folders should not contain any special characters (including commas).
2. All PDFs must be unitized at the document level, i.e., each PDF should represent a discrete document; **a PDF cannot contain multiple documents. PDF packages will be rejected.**
3. All PDF files must contain embedded text that includes all discernible words within the document, not selected text or image only. This requires all layers of the PDF to be flattened first.
4. If PDF files are Bates endorsed, the PDF files must be named by the Bates range.

## IV. Productions of Website Content

Website content must be produced in native format and viewable in common web browsers (e.g. Internet Explorer, Mozilla Firefox, and Google Chrome) without the use of any additional third party software. If the only existing state of a website is in source code form, the party must produce a fully compiled version of the website in addition to the website source code with documentation of the process used to render, compile, and/or restore the website to an easily viewable form.

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020789
US_00624283



# CFTC Data Delivery Standards

*Effective: May 27, 2016*

## V.    Productions of Forensic Images of Computer Media

Forensic images must be produced in a common/standard format to include (E01, Ex01, L01, Lx01, AD1, Raw Bitstream, and S01). An inventory of any original computer media must be provided with the image files. All associated log files from any forensic acquisition must be produced with the image files. The log files must contain a hash value, at a minimum (MD5, SHA-1, or higher), for authentication purposes. A chain of custody document must be provided to ensure the integrity of any digital evidence.

## VI.    Productions of Forensically Acquired Mobile Device Data

Forensically acquired mobile device data must be provided in the original format of the software/hardware used to capture the data. All original logs and authentication reports must also be provided with the respective data.

## VII.    FTP (File Transfer Protocol) Submission

The preferred method for producing data is via FTP. The CFTC has an FTP site set up that will allow transfer of data up to 2 GB per transmission.

Contact the CFTC attorney or paralegal for the particular matter in order to use FTP to deliver data. Once this method is agreed upon, you will receive two emails. One email will have instructions on using the FTP site; the other will contain a password for accessing the site.

FOIA CONFIDENTIAL TREATMENT REQUESTED
CONFIDENTIAL

BMX-SDNY3-00020790
US_00624284