September 28, 2021

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    ***United States v. Hayes et al.*, 20 Cr. 500 (JGK)**

Dear Judge Koeltl:

Pursuant to the Court's September 22, 2021 Order (ECF 131), the parties write jointly to update the Court on outstanding issues relating to Defendants' motions to compel production of certain materials (ECF 86, 87).

**I.    WITNESS-1 DEVICES**

Defendants' motion sought production of the entire contents of the Hard Drive and iPhone 6s obtained from Witness-1.[1] The government has produced (i) a copy of the Hard Drive with certain exceptions, and (ii) only selected contents of the iPhone 6s.

    **A.    Witness-1 iPhone 6s**

Defendants' Position: Both the government's August 10, 2021 letter (ECF 101) and colloquy before the Court (Aug. 11 Tr. at 68-69) suggested the government had not yet completed production of iPhone 6s data. The government has made no additional productions and has now indicated it does not intend to do so. Defendants believe the iPhone 6s is discoverable in its entirety (ECF 109 at 12-15) and the government should be ordered to produce it. Regardless, the government is obligated to review the entire iPhone 6s for all discoverable material.

Since the August 11, 2021 conference, the government has provided a list of the contents by category that have not been produced—over 195,000 files across 28 file types. The government has withheld over 95 percent of the material, including (i) *all* 789 calendar entries; (ii) *all* recordings and *all* documents; (iii) all but one audio file; (iv) 96,102 of 97,247 images; (v) 4,256 of 4,357 log entries; (vi) 2,996 of 3,164 text messages; (vii) 248 of 252 call logs; (viii) 67 of 77 chats; (ix) 196 of 224 notes; (x) 38 of 40 multimedia text messages; (xi) 2,215 of 3,523 web history items; (xii) 623 of 631 videos; and (xiii) 35 of 36 bookmarks.

The government asserts it will not produce this material because it is all "personal" and (thus) purportedly undiscoverable pursuant to *Brady*, *Giglio*, or Rule 16. The government seeks

---

[1]    Defendants have reserved their rights with respect to material from the third Witness-1 device (the iPhone 11). *See* ECF 112 at n.2.

to treat the iPhone 6s differently from the Witness-1 Hard Drive—which as noted below, the government recently produced in its near entirety—when the history and use of the iPhone 6s demonstrates its relevance. *See* ECF 112 at 3, 22-30. For example, Witness-1 voluntarily handed the government the iPhone 6s with an express consent to allow the government to make and keep a copy of the device in connection with status as a cooperating whistleblower. The natural read of this act of production is and was that Witness-1 believed the entirety of the device was relevant and (of course) he/she placed no limitations on the government's review and relinquished any privacy interest he/she may once have held. *See* ECF 112 at 24. The government then made use of the full device and accessed it during its interviews of Witness-1. *See* ECF 109 at 7.

Even if the government had a legitimate basis to withhold "personal" material from the iPhone 6s, it has not offered any specific detail on the responsiveness or supplemental reviews it used to filter out this purportedly "personal" material. For example, Defendants do not know if Witness-1 was involved in or advised these reviews or if the government relied on file structure review, search terms, or some other means of higher-level analysis. Nor has the government provided any specific details about any of the withheld 195,000 files. Without specific information about the review process or the files withheld, the defense has no information with which to challenge the government's designation of these materials as "personal." Relevant and discoverable materials are routinely stored among and within "personal" materials.

Defendants respectfully submit that the government should be directed to produce the entire device or substantiate its basis for withholding these files.

Government's Position: With the exception of items that were segregated by the Government's filter team as potentially subject to BitMEX's corporate attorney-client privilege (which have been produced to the defense) or Witness-1's spousal privilege, the Government has reviewed the entire iPhone 6s for discoverable material, and has completed production of all materials that are potentially subject to disclosure under Rule 16, *Brady*, *Giglio*, or the Jencks Act. The Government's review included an initial "responsiveness review of the data on the iPhone 6s" for "evidence within the scope of its warrant," and a "supplemental review to identify" "materials potentially related to BitMEX or the defendants or that could be used to impeach Witness-1 at trial." Opp'n at 31. These reviews included identifying any potential *Brady* or *Giglio* material.[2] The Government produced the materials responsive to its search warrant on or about January 22, 2021 and June 9, 2021; the non-responsive materials potentially related to BitMEX or the defendants on or about August 9, 2021; and potential impeachment materials on or about August 11, 2021. The defendants offer no basis to question the Government's review. *United States v. Collins*, 409 F. Supp. 3d 228, 243 (S.D.N.Y. 2019) ("Defendants have not articulated a sufficient reason to believe that the Government's efforts were deficient such that it has failed to meet its

---

[2] As the Government stated in its letter dated August 10, 2021 letter, the Government had the previous day "made a supplemental production of any materials relevant to BitMEX, even if not responsive to the search warrant," and "intend[ed] to make a final supplemental production of materials that could be used to impeach Witness-1 or any other Government witness within the next week." Dkt. No. 101. The Government made its final production from the iPhone 6s on August 11, 2021.

*Brady* obligations"), appeal withdrawn, No. 19-3051, 2019 WL 7169099 (2d Cir. Oct. 22, 2019); *see also* Opp'n at 35. For that reason, and for the other reasons stated in the Opposition, the defense is not entitled to any further discovery from the iPhone 6s.³

### B. Witness-1 Hard Drive

On September 21, 2021, the government made three productions of Witness-1 Hard Drive data including a copy of the hard drive. The government represents that the copy of the hard drive is a complete forensic copy, including all metadata from the drive, except for six specific files the government was withholding from production. On September 27, 2021, the government produced one additional document from the Hard Drive, bringing the total withheld files to five documents, which the government represented contain identification information for Witness-1's spouse, medical information for Witness-1's spouse, and personal information involving Witness-1's spouse and involving Witness-1's spouse's family and for which the government provided creation, modification, and access date metadata. Defendants have begun to review the produced materials.

At this time, no action is required by the Court.

## II. CFTC MATERIALS

Defendants' motion sought production of all exculpatory and discoverable materials pursuant to *Brady* and Rule 16 from the CFTC.

### A. CFTC Notes and Memoranda of Witness Interviews

Although the government agreed in August to produce notes and memoranda of the CFTC's meetings with witnesses, ECF 101 at 2, it has not yet done so. On September 21, 2021, the government represented that it would promptly produce any *Brady* or *Giglio* material from the witness interviews, but that it still had not received confirmation from the CFTC that it could produce the entirety of the materials as opposed to portions or a redacted set. At present, Defendants understand that the CFTC is still reviewing its notes and memoranda of witness interviews for privileged material, but that it expects to produce materials to the government in two batches, the first by approximately October 1 and the second by approximately October 8. Defendants understand that the first batch will contain CFTC witness materials relating to Witness-1 and a newly disclosed second CFTC whistleblower. The second batch will contain materials for

---

³ As detailed in the Government's Opposition, Witness-1 "used the iPhone 6s while an employee at BitMEX," Opp'n at 11, but it was his "personal cellphone," Opp'n at 32 n. 11. Witness-1 used the cellphone for all manner of personal dealings, including communicating with his spouse. Opp'n at 13-14. It cannot be surprising that Witness-1's personal cellphone is comprised of only 5% of materials that even marginally relate to a criminal case in which he was not charged. *See, e.g.*, Opp'n at 36 (citing *Riley v. California*, 573 U.S. 373, 395–96 (2014) (describing cellphone as reflecting "[t]he sum of [a user's] private life")).

all other witnesses. Both batches will contain redactions made by the CFTC. The government then estimates approximately a week turnaround to provide these materials to the defense.

Defendants also specifically requested any notes and memoranda regarding June 2018 meetings in which Mr. Hayes and counsel for BitMEX met with senior CFTC staff to describe the BitMEX platform and discuss registration. *See* ECF 107 at 21 n.8; ECF 112 at 11 n.5, 19, 21. On September 23, 2021, the government informed Defendants that the CFTC "investigation team" is in possession of a single document describing that meeting and that the government will produce the document provided the CFTC consents. The government has stated that it will also ask for any notes or memoranda from the discussions that occurred in or about July 2019 between the CFTC investigation team and one or more CFTC officials who attended the June 2018 meetings, but only for materials in the possession of the CFTC's "investigation team."

Defendants' concerns and the government's responses follow:

### 1. Withholding or Redaction of Documents by the CFTC and Timing of Productions

Defendants' Position: Defendants believe it is inappropriate for the CFTC to withhold or redact any of the witness materials *before* providing them to the government, as any purported basis for doing so must yield to the government's obligation to produce all *Brady*, *Giglio*, and Rule 16 material. *See, e.g.*, *United States v. Gupta*, 848 F. Supp. 2d 491, 497 (S.D.N.Y. 2012) (defendant's right to exculpatory material overcame the SEC's assertion of work product doctrine over its notes and memoranda); *United States v. West*, 790 F. Supp. 2d 673, 687 (N.D. Ill. 2011) (ordering production of documents otherwise protected by work product doctrine "to the extent [they] contain *Brady* or *Giglio* material that the government has not otherwise produced"). Additionally, any further delays threaten to prejudice the defense.

Defendants respectfully request that the Court order both that all materials provided by the CFTC to the government be un-redacted and that the government produce all of the CFTC witness materials by October 15, 2021. The government challenges the requested October 15 deadline as premature, but this Court's *Brady* orders, consistent with controlling law on *Brady*, make explicit that the government must disclose *Brady* "promptly after its existence becomes known to the government." ECF 21, 24. The indictment was unsealed almost one year ago. And the defense needs these materials now to properly review them and prepare its pre-trial motions due December 3. *See* ECF 71. To the extent the Court permits the CFTC to withhold or redact material, a log should be provided by the CFTC so that the Defendants can seek further relief if appropriate.

Government's Position: For the reasons outlined in the Government's Opposition papers, the investigation with the CFTC was parallel, and not joint, such that the Government has no discovery obligations with respect to the CFTC's investigative case file. Opp'n at 21-31. Nonetheless, the Government has voluntarily undertaken to obtain factual materials from the CFTC's file to assist in the preparation of the defense. As to notes of the CFTC's witness

4

interviews, the CFTC has agreed to provide certain materials to the Government subject to withholding its own work product.[4]

### 2. June 2018 CFTC Meeting Materials

<u>Defendants' Position</u>: As previously explained, any records of statements made by or to Mr. Hayes during the meetings with senior CFTC staff in June 2018 are (i) statements made by or to a defendant; (ii) material to the defense; and (iii) likely exculpatory.

Defendants respectfully request that the Court direct the government to comply with this targeted and specific request, and produce the document identified by the CFTC relating to the June 2018 meeting as well as any other notes or memoranda regarding the June 2018 meetings in the CFTC's possession, including (i) any notes or memoranda held by CFTC personnel outside of the "investigation team," and (ii) any notes or memoranda from the discussions in or around July 2019 between the CFTC investigation team and CFTC officials who attended the June 2018 meetings, by October 15, 2021.

<u>Government's Position</u>: For the reasons outlined in the Government's Opposition papers, the investigation with the CFTC was parallel, and not joint, such that the Government has no discovery obligations with respect to the CFTC's investigative case file. Opp'n at 21-31. Nonetheless, the Government has voluntarily undertaken to obtain factual materials from the CFTC's file to assist in the preparation of the defense. Specifically, at the request of the defense, the Government asked the CFTC to produce a single document identified by the CFTC investigative team as being in its possession reflecting notes from the June 2018 meetings referenced above. The Government is awaiting the CFTC's decision whether to produce that document. Even if the Government had investigated jointly with the CFTC, the Government's discovery obligations would extend only to the CFTC's investigative team and materials in their possession—not materials possessed only by other components of the CFTC, which would be beyond the scope of the prosecution team. Also as outlined in the Opposition, any statements made at a CFTC meeting at which defendant Arthur Hayes—who is in a joint defense posture with the remaining co-defendants, and whose knowledge is fairly attributable to them—and BitMEX corporate counsel were present is not *Brady* given the defense's access to that information and knowledge of the essential facts surrounding the meeting. Opp'n at 29-30.

---

[4] Even if the defendants were correct in suggesting that certain CFTC witness materials currently within the sole possession of the CFTC were subject to disclosure by the Government as *Giglio* or 3500 material—and they are not—the demand that such materials be produced by October 15, 2021 is baseless. As the Court is well aware, *Giglio* and 3500 material must not be produced immediately upon a production request but rather need only be disclosed in sufficient time to make usre of the material at trial or a plea proceeding. *See, e.g.*, Opp'n at 17 (citing *United States v. Douglas*, 525 F.3d 225, 245 (2d Cir. 2008) (quoting *United States v. Coppa*, 267 F.3d 132, 139-40 (2d Cir. 2001))). The Government's early, voluntary disclosure of its own potential witness statements to assist in the early preparation the defense should not be confused with a legal obligation to make such early disclosures.

### B. Documents Obtained by the CFTC from Foreign Regulators

With respect to documents obtained by the CFTC from foreign regulators, the government has stated that the CFTC is currently working through its approval processes, including through requests to its international regulatory counterparts, to determine whether the CFTC will be given permission to share documents that it obtained from international regulators with the government. The government understands these records are limited in volume and consist of BitMEX corporate records on file with regulators in Bermuda, Hong Kong, and the Seychelles, and that the CFTC's sharing of these documents is limited by the CFTC's memoranda of understanding with those international regulators. The government has also stated that the CFTC estimates it requires several additional weeks to determine if it will obtain permission to share those documents with the government. If and when the government receives these documents from the CFTC, the government intends to produce them to the defense.

### C. Third-Party Productions from the CFTC

On September 16, 2021, the government produced what it believes to be all remaining third party productions made to the CFTC that had not been previously produced to Defendants. The government also provided the CFTC with an index of prior productions and asked the CFTC to confirm that all third party productions received by the CFTC have now been produced to the government for production to the defense.

The government represents that it has no obligation to identify *Brady* or *Giglio* material in the September 16 production. Defendants are in the process of reviewing the government's September 16 production.

At this time, no action is required by the Court.

\* \* \*

For the avoidance of doubt, Defendants reserve all rights with respect to the materials described above, including seeking further relief from the Court based on outstanding discovery and continuing review of the government's recent productions. The parties are available at the Court's convenience to discuss any questions or provide additional information.

Respectfully submitted,[5]

| | |
|---|---|
| /s/ Jessica Greenwood | /s/ Douglas K. Yatter |
| Samuel Raymond | Douglas K. Yatter |
| Jessica Greenwood | Benjamin Naftalis |
| Assistant United States Attorneys | LATHAM & WATKINS LLP |
| Southern District of New York | 1271 Avenue of the Americas |
| One Saint Andrew's Plaza | New York, New York 10020 |
| New York, New York 10007 | Tel: (212) 906-1200 |
| Tel: (212) 637-6519 | Douglas.Yatter@lw.com |
| Samuel.Raymond@usdoj.gov | Benjamin.Naftalis@lw.com |
| Jessica.Greenwood@usdoj.gov | |
| | *Attorneys for Defendant Samuel Reed* |
| *Attorneys for the United States* | |

/s/ James J. Benjamin, Jr.

James J. Benjamin, Jr.
Katherine Goldstein
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: (212) 872-8091
jbenjamin@akingump.com
kgoldstein@akingump.com

*Attorneys for Defendant Arthur Hayes*

/s/ Patrick J. Smith

Patrick J. Smith
SMITH VILLAZOR LLP
250 West 55th Street, 30th Floor
New York, New York 10019
Tel: (212) 377-0851
Patrick.Smith@smithvillazor.com

---

[5] The parties below have all authorized this joint filing and use of their e-signatures.

Harlan A. Levy
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (646) 927-5500
hlevy@foleyhoag.com

*Attorneys for Defendant Benjamin Delo*