

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 22, 2021

**BY ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Hayes, et al.*, 20 Cr. 500 (JGK)

Dear Judge Koeltl:

      The Government respectfully submits this letter in response to the motion to dismiss submitted by the defendants on December 21, 2022. *See* Dkt. No. 234-35. The Government respectfully submits that the Court should deny the motion for being untimely in light of the Court's order setting a deadline for pretrial motions and, in the alternative, that the motion should be denied because the Indictment is plainly legally sufficient on its face. In the alternative, if the Court desires more extensive briefing on the legal issues raised in the motion at this time, the Government respectfully requests that the Court permit the Government to file a response within 30 days of the Court's order.

      First, the Court should reject the motion to dismiss as untimely. The deadline for the filing of substantive defense motions in this case was September 10, 2021. (*See* Order, Dkt. No. 71). As defense counsel acknowledged at the November 23, 2021 conference, the defense made a strategic decision not to file a pre-trial motion to dismiss by the Court-ordered deadline. The defense should be held to this decision, particularly given that the parties are now in the midst of trial preparations for a March 2022 trial and that the challenges the defendants now raise can be resolved by way of a Rule 29 motion in light of the evidence presented by the Government at trial.

      The record makes clear that Hayes, Delo, and Reed made joint strategic decisions to: (1) forgo filing a pre-trial motion to dismiss by the deadline set by the Court for such motions, and reserve their so-called "fair warning" challenges until a time when the factual record in this case had been developed, and (2) frame their legal challenges in the context of a bill of particulars. Specifically, at the November 23, 2021 conference, defense counsel explained that they had "wrestled with the concept of filing a motion to dismiss and our theory that the indictment has significant potentially fair warning problems," and "whether or not there was some factual development that would be necessary for this to be a proper motion to dismiss"; they explained

Case 1:20-cr-00500-JGK   Document 237   Filed 12/22/21   Page 2 of 3

Page 2

that the defense had ultimately "opted instead for [its] bill of particular requests." (Tr. of Nov. 23, 2021 Conf. at 6:5-15.) The current motion to dismiss is based on the same law and facts that were known to the defendants when they made these strategic decisions. The only intervening change in circumstances is that the defendants' bill of particulars has now been denied by the Court, and the parties are now in the midst of trial preparations. Under these circumstances, the Court should reject the defendants' attempt to raise an untimely pre-trial motion to dismiss. Rather—precisely as the defendants acknowledge that they intended—they should be left to raise these same issues at the Rule 29 stage.[1]

Second, in any event, the motion can be denied on the basis that the Indictment is plainly sufficient as a matter of law. An indictment needs little more than to track the language of the statute charged and provide the time and place of the alleged crime. *See United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998). An indictment that contains the elements of the charged offenses, fairly informs a defendant of the charges against him, and enables him to plead guilty or not guilty is sufficient. *See Hamling v. United States*, 418 U.S. 87, 117; *see also United States v. D'Amelio*, 683 F.3d 412, 418 (2d Cir. 2012).

Here, the Indictment alleges on its face the required elements of the BSA offense in language that tracks the statutory language, including that BitMEX was a "futures commission merchant," which makes it a financial institution for purposes of the Bank Secrecy Act, and that each of the defendants "did willfully cause a financial institution to violate the Bank Secrecy Act by failing to establish, implement, and maintain an anti-money laundering program" that complied with the governing regulations. Indictment ¶ 30. The presence of these allegations alone in the Indictment is sufficient for present purposes to defeat the defendants' motion, for on a motion to dismiss, the allegations of the Indictment must be taken as true. *See, e.g.*, *United States v. Heredia*, 2003 WL 21524008, at *5 (S.D.N.Y. July 3, 2003); *United States v. Szur*, 1998 WL 132942, at *5 (S.D.N.Y. Mar. 20, 1998).

The defendants' motion argues as a factual matter that, due to purported uncertainty in the CFTC's regulatory actions, they were not on sufficient notice of the requirements of the BSA to commit a willful violation of the statute. That is not a proper subject for a motion to dismiss, and can only be adequately considered in the context of the proof at trial. The Second Circuit has long held that "summary judgment does not exist in federal criminal procedure." *United States v. Wedd*, 993 F.3d 104, 121 (2d Cir. 2021) (citing *United States v. Sampson*, 898 F.3d 270, 282 (2d Cir. 2018)). Thus, the "district court must give the Government an opportunity to 'make a detailed presentation of the entirety of the evidence before ... dismiss[ing] an indictment on sufficiency grounds,' and the district court lacks the authority 'to *require* the government, before trial, to make such a presentation' as this 'could effectively force a summary judgment-like motion on the government.'" *Id.* The defendants' motion relies on *United States v. Pirro*, a case involving dismissal of a tax indictment, but in that case the indictment itself was legally deficient because it did not track the language of the governing regulations. *See* 212 F.3d 86, 89-90 (2d Cir. 2000) (explaining that indictment contained a term ("ownership interest") that was distinct from the applicable regulatory term of "shareholder"). The defendants here do not event attempt to point

---

[1] The Government further notes that the defendants have made no showing or argument that they have good cause to justify their untimely filing. *See* Fed. R. Crim. P. 12(c)(3) (allowing Court to set deadline for pretrial motions and providing that "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely" but may be considered upon a showing of "good cause"). The defense also did not confer with the Government in advance of filing their untimely motion.

to language in the Indictment that fails to accurately allege what is required under the statute and accompanying BSA regulations.

The Government acknowledges that it must prove that the defendants willfully violated the Bank Secrecy Act when they caused and conspired to cause BitMEX not to have an anti-money laundering program, and fully expects that the evidence at trial will establish this. The defendants' attempt to litigate this issue at this stage of the proceedings should be rejected. In the alternative, however, if the Court would prefer to have briefing at this time on the regulatory issues discussed in the defendants' motion, the Government respectfully requests that it be permitted to respond to the defendants' motion within 30 days of the date of the Court's order.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:     s/ Thane Rehn
        Samuel L. Raymond
        Jessica Greenwood
        Thane Rehn
        Assistant United States Attorneys
        (212) 637-6519/1090/2354

cc:    Defense counsel of record (by ECF)