

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 20, 2022

**BY ECF AND EMAIL**
Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street New York, New York 10007

>    Re:    *United States v. Arthur Hayes, et al.*, 20 Cr. 500 (JGK)

Dear Judge Koeltl:

The Government writes in response to the defendants' January 18, 2022 Letter, Dkt. No. 244 ("January 18 Letter").

### A. Filter Team Material

During its investigation of the matters underlying the Indictment, the Government has obtained certain materials that potentially implicate various privileges, including materials that are subject to a potential claim of attorney-client privilege by BitMEX. *See, e.g.*, November 12, 2021 Joint Letter, Dkt. No. 181. In order to protect the possible privilege, the Government has used a filter team to review such materials. At the request of the defendants and with consent of counsel for BitMEX, the filter team has previously produced unredacted documents and notes of witness interviews conducted by the CFTC of various individuals that potentially implicate BitMEX's corporate privilege to the defendants, while producing only redacted versions of these materials to the Government's investigative team.

Defendants now seek unredacted copies of a new category of materials. Specifically, during the course of the investigation at least two former BitMEX employees indicated that they had relevant information obtained during meetings at which BitMEX counsel was present. In order to determine whether any of this information implicated BitMEX attorney-client privilege, the filter team interviewed these witnesses concerning that information. The filter team took notes of these interviews and—months ago—released to the Government investigative team and disclosed to the defendants a redacted version of the filter team's notes.

We note at the outset that the defendants are not entitled to pretrial production of witness interview notes under 18 U.S.C. § 3500, Fed. R. Crim. P. 26.2, or Fed. R. Crim. P. 16(a)(2). The filter team has also evaluated that these redacted, potentially privileged, materials do not contain exculpatory information that would call for pretrial disclosure. That being said, the Government is not opposed to early disclosure of the unredacted notes of these interviews, as long as the privilege question is addressed in an orderly fashion. Specifically, in order to determine whether BitMEX,

the privilege holder and thus the only party with standing to assert privilege over the materials, will actually assert any privilege in these materials, the filter team will produce to BitMEX corporate counsel unredacted[1] copies of these witness statements. We will then await BitMEX's position as to whether it intends to assert privilege over these materials, and which materials or portions thereof can be provided to the investigative team or to the defendants.[2] We will provide those notes to BitMEX's corporate counsel on or about January 20, 2022 and consult with BitMEX on the question. Given the upcoming trial, we would request the Court to set a date by which BitMEX must assert its privilege in these proceedings or be deemed to have waived any privilege.

### B. Rule 17(c) Subpoena

The Government is currently conferring with the intended recipient of the Rule 17(c) subpoena, the CFTC, regarding the defendants' request, and determining whether the Government has standing to move to quash. *See, e.g.*, *United States v. Cole*, No. 19 CR. 869 (ER), 2021 WL 912425, at *2 (S.D.N.Y. Mar. 10, 2021) ("Government has standing to quash a subpoena of a non-party 'only if the alleged victim has asked it to, or if the Government can assert legitimate interests of its own in quashing the subpoenas.'") (citing *United States v. Ray*, No. 20 Cr. 110 (LJL), 2020 WL 6939677, at *7 (S.D.N.Y. Nov. 25, 2020)).

Regardless of the Government's standing, the subpoena is obviously deficient on its face. First, Rule 17 "is not intended to provide an additional means of discovery or to serve as a general 'fishing expedition.'" *United States v. Maxwell*, No. 20-CR-330 (AJN), 2021 WL 1625392, at *1 (S.D.N.Y. Apr. 27, 2021). Defendants literally admit that this subpoena seeks to obtain additional discovery that is not within the scope of the Government's Rule 16 productions and that is the subject of their Motion to Compel under that Rule and *Brady*. January 18 Letter (describing basis for subpoena as "[b]ecause the parties have reached an impasse on these materials," namely "CFTC materials relevant to the defense and covered by the Motion to Compel"). Second, the materials defendants seek are not "(1) relevant, (2) admissible, (3) specifically identified, and (4) not otherwise procurable." *United States v. Tagliaferro*, No. 19-CR-472 (PAC), 2021 WL 980004, at *2 (S.D.N.Y. Mar. 16, 2021) (citing, *inter alia*, *United States v. Nixon*, 418 U.S. 683, 699–700 (1974)). These materials are wholly irrelevant. *Compare* January 18 Letter Appendix A (seeking, *inter alia*, internal notes from CFTC personnel about a meeting which defendant Hayes was present at, and internal deliberations about other CFTC actions) *with, e.g.*, *United States v. Carroll*, No. 19 CR 545 (CM), 2020 WL 1862446, at *10 (S.D.N.Y. Apr. 14, 2020) (internal agency memoranda "are not *Brady* material") *and* August 12, 2021 Tr. at 16 ("But it's not so clear to me

---

[1] The Government will redact the names and identifying information of the witnesses.

[2] BitMEX's corporate counsel has previously asserted that production of privileged materials to defendants Hayes, Delo and Reed is not a waiver of the privilege. The Government has not challenged that position to date. However, given recent factual developments, including the Government's understanding that these defendants are no longer corporate executives of BitMEX or constitute a majority of the BitMEX Board of Directors, the Government believes that if BitMEX agrees to produce privileged materials to these defendants, that may constitute a waiver of the privilege. The Government will meet and confer with BitMEX corporate counsel regarding this issue, including to determine BitMEX's current position on this issue.

Page 3

that you've articulated what the possible exculpatory material is. Mr. Hayes made the presentation to the CFTC staff. The CFTC staff may or may not have said something to Mr. Hayes at the meeting. How subsequent considerations by the CFTC staff are *Brady* material is not clear to me."). Nor do defendants offer any theory by which the materials they seek would be admissible. Finally, the requests in the proposed subpoena are also overly broad. *United States v. Skelos*, No. 15-CR-317 (KMW), 2018 WL 2254538, at *3 (S.D.N.Y. May 17, 2018) ("Defendants' requests are also far too broad, because they improperly seek much of [an agency's] investigative file."), *aff'd*, 988 F.3d 645 (2d Cir. 2021).

The Government respectfully requests that the Government and/or the CFTC be permitted to file an opposition to the defendants' request for a Rule 17(c) subpoena, by February 1, 2022.

        Very truly yours,

        DAMIAN WILLIAMS
        United States Attorney

by: *Samuel L. Raymond*
      Samuel Raymond
      Jessica Greenwood
      Thane Rehn
      Assistant United States Attorneys
      (212) 637-6519