UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ARTHUR HAYES, BENJAMIN DELO, and
SAMUEL REED,

*Defendants*.

20 Cr. 500 (JGK)

# DEFENDANTS' PROPOSED *VOIR DIRE*

Defendants Arthur Hayes, Benjamin Delo, and Samuel Reed (collectively, "Defendants") respectfully request, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.

Defendants also request that the Court pursue more detailed questioning at the sidebar if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the government or the defendants. In addition, if a juror's answer reveals that the juror may have seen or become aware of the charges involving the Defendants, or any media coverage of relevant events that may come up during trial, the Court should pursue, outside the presence of the other jurors, more detailed questioning regarding what the juror may have seen or heard.

Prior to questioning the panel, Defendants request that the Court inform the jury of the nature of the case:

## I. Background

This is a criminal case in which the Defendants are charged with willfully violating the Bank Secrecy Act, and conspiring to violate the Bank Secrecy Act. The charges against the Defendants are set forth in an indictment. An indictment is a formal method of accusing a defendant of a crime. It is not evidence of any kind. It merely states what the government intends to prove that the Defendants did.

The Defendants have pleaded not guilty to the charges in the Indictment, meaning they have denied the charges and say that they did not do what the government says they did. The Defendants are and be must presumed to be innocent. And it is the government's burden at all times to establish the Defendants' guilt beyond a reasonable doubt. The Defendants have no

burden.  It is the jury's job to decide, based on the evidence that will be presented, whether the government has met its burden.

I have no knowledge of the actual facts of this case and nothing that I say today or at any time during the trial is to be considered evidence.  I will, however, briefly summarize the charges in the indictment so that we can determine whether there is anything about the charges that would make it difficult or inappropriate for any of you to sit as a fair and impartial juror.  Those of you who are selected to sit as jurors will receive a detailed explanation of the charges at the conclusion of the case and after closing arguments.

The indictment in this case contains two counts.  The allegations against Arthur Hayes, Benjamin Delo, and Samuel Reed relate to a company called BitMEX, which they founded.  BitMEX operates a cryptocurrency derivatives trading platform.  Count One of the indictment charges the Defendants with willfully violating the Bank Secrecy Act, based on allegations that they operated BitMEX as an unregistered Futures Commission Merchant and failed to implement an Anti-Money Laundering program at BitMEX as required of a Futures Commission Merchant under the Bank Secrecy Act.  Count Two of the indictment charges Mr. Hayes, Mr. Delo, and Mr. Reed with conspiring to violate the Bank Secrecy Act.

Again, the indictment is not evidence.  It merely contains formal accusations.  The government has the burden of producing evidence sufficient to prove each defendant's guilt on every count beyond a reasonable doubt.  And each defendant is presumed to be innocent.

I expect the trial to last six weeks.  Sometimes a trial lasts longer or shorter than the judge or lawyers expect, but I want to give you an estimate of what to expect.  I will tell you a little more about the schedule once the jury is selected.

In a moment, I will ask you all to respond to certain questions. If you have any answer that you would prefer not to give in open court, please just let us know and the lawyers and I will listen to your response up here at the bench. During the questioning, you may be excused from serving as a juror in this case. If you are excused, please know that it is not a reflection on you. This is part of our justice system, which is meant to provide all parties with a jury that they believe will be fair to them. You will have done your duty by your presence and readiness to serve, if chosen.

Before I begin with the questioning, I must give you a few simple rules of law that will guide all of us during the trial. The function of the jury is to decide questions of fact—that is, to decide what actually happened in this case. You, who are chosen as jurors, will be the only judges of the facts, and nothing I or the lawyers say or do may in any way intrude on your role as the exclusive fact finders based on the evidenced presented in the courtroom. In particular, it is not up to me or the lawyers or anyone else except for you to decide what happened or even have an opinion about what happened. If you get the impression from anything I say or do that I do have an opinion about the facts, you should—and must—disregard it.

When it comes to the law, however, as distinguished from the facts, you must take your instructions from me, and you are bound by those instructions. You may not substitute your own ideas of what the law is or what you think it ought to be. At the conclusion of the case, your job will be to determine whether the government has proven its case beyond a reasonable doubt according to my instructions on the law.

I am going to begin with a series of general questions. Please raise your hand if your answer to any of the questions is yes. If your answer is no, you do not have to do anything. If you

raise your hand but your answer is something you would rather not discuss in open court, just say so, and we will accommodate you at the bench.

## II.     Proposed Questions

### Knowledge of Case

1. Do you have any personal knowledge of this case? Have any of you read or heard anything about this case, or are you familiar with any news stories or Internet postings regarding a case involving Arthur Hayes, Benjamin Delo, Samuel Reed, or BitMEX? If yes, have you formed an opinion based on what you have heard?

### Knowledge of Trial Participants

2. The defendants in this case are Arthur Hayes, Benjamin Delo, and Samuel Reed. Do any of you know, or have any of you had any dealings, directly or indirectly, with Mr. Hayes, Mr. Delo, Mr. Reed, or any relatives, friends, or associates?

3. Do you have any feelings, bias, sympathy, or prejudice for or against Mr. Hayes, Mr. Delo, or Mr. Reed which would make it difficult for you to render a fair and impartial judgment based solely on the evidence presented at trial?

### General Questions

*In addition to the Court's preferred voir dire to ascertain prospective jurors' general ability to sit through, hear, comprehend, and judge fairly and impartially the presentation of evidence over a six-week trial, the defense respectfully requests that the Court ask the following questions.*

4. Have you or a family member ever been employed by the U.S. Attorney's Office, any D.A.'s office, any federal or state prosecutor's office, any law enforcement office, the FBI, the SEC, or the CFTC?

5

5. Are you familiar with anyone at the U.S. Attorney's Office, including Damian Williams?

6. Do any of you feel like the Government is not hard enough on alleged perpetrators of business or financial crimes?

7. Do any of you feel like the Government is too hard on alleged perpetrators of business or financial crimes?

8. Do you have any current, former, or expected participation in a legal dispute with the U.S. Government?

9. Have you ever owed or been owed money from the U.S. Government?

**Education / Work Experience**

10. What is the highest level of education you have completed? What did you study?

11. Have you ever been a part of any branch of the U.S. military or any other country's military? If so, what military branch did you serve in?

12. Do you or any relatives have any legal training or experience?

13. Have you or any relatives ever worked in the field of law enforcement, security, or national defense?

14. Do you have any background, training, experience, or familiarity with information technology (IT), electronic discovery, computer programming, computer science, database development, application software, or data analysis?

15. Do you have any background, training, or experience related to investment banking, investment / securities trading, or any other field related to financial services, accounting, or consulting?

**Cryptocurrency**

16. Are you familiar with cryptocurrency?

17. Do you have any strong feelings (either positive or negative) regarding cryptocurrency?

18. Have you ever traded Bitcoin or another cryptocurrency or any cryptocurrency-related product? Overall, have you been successful or unsuccessful with your cryptocurrency trading?

19. Are you familiar with any laws or regulations related to the cryptocurrency industry?

20. The Defendants are founders of BitMEX, which is a trading platform for cryptocurrency products. Is there anything about the cryptocurrency industry that might make it difficult for you to render a fair and impartial verdict?

**Trading**

21. Do you currently or have you ever invested or traded in the stock market or other financial markets? Do you have a securities or futures brokerage account?

22. Have you or any family members ever traded commodities, securities, or futures contracts?

23. Have you ever used an online platform to trade? Have you ever made money or lost money?

**Views on Wealth / Lifestyle**

24. Some of the individuals involved in this case could be considered very wealthy. Do you believe that you will have difficulty making fair and impartial assessments of the credibility and conduct of individuals who are wealthy?

25. Do you have strong feelings (either positive or negative) about people who work in finance (*i.e.*, investment bankers, traders, brokers, hedge funds managers, etc.)?

26. Do you hold any views on U.S. citizens who choose to live or work abroad?

27. Do you have strong feelings (either positive or negative) about people who gamble?

**Foreign Corporations**

28. Do you have strong feelings (either positive or negative) about companies based in a foreign country?

29. Do you have strong feelings about companies that are incorporated in a country but do not do much business in that country?

**Regulation**

30. Have you ever started, operated, or worked for a new company, start-up, or small business? Please describe your experience.

31. Do you have any strong views regarding start-up businesses?

32. Have you or any family members ever worked in any industry subject to regulation (*i.e.*, energy industry, pharmaceutical industry, financial industry, air travel, etc.)

33. This case involves government regulation of the financial industry. Do you have opinions one way or the other about the government's regulation of the financial industry that may affect your ability to be fair and impartial in this case?

34. Have you or anyone close to you ever been the subject of an investigation by a state or federal regulatory agency (*e.g.*, the IRS, SEC, FINRA, CFTC, FTC, FinCEN)?

35. Have you ever made a complaint to a brokerage firm, the SEC, CFTC, or a similar agency, regarding individuals in the securities or commodities industries?

36. Do you think it is the government's job to make laws that people can understand and follow?

37. How many of you believe that if the government has not outlawed something, then it is not illegal?

**Banks**

38. Have you completed bank account applications? Do you have any understanding of the laws associated with statements made in connection with account applications?

39. Are you familiar with the concept of anti-money laundering programs run by banks? Have you ever worked in a job where anti-money laundering programs were required?

40. Are you familiar with the term "Know Your Customer"?

41. Are you familiar with the Bank Secrecy Act?

42. Are you familiar with the term "Futures Commission Merchant"?

**Experience with Legal System**

43. Have you or someone close to you ever been a victim of, or witness to, a crime?

44. Have you or someone close to you ever been accused of a crime?

45. Have you or someone close to you ever been arrested for, charged with, or convicted of a crime?

46. Have you ever served as a juror at trial or in a grand jury?

47. Have you ever testified as a witness at any kind of legal proceeding, including a trial?

48. Have you ever been involved in a civil proceeding as a plaintiff, defendant, or complainant?

**Witnesses**

49. Do you have any bias (positive or negative) toward the police, the FBI, the DOJ, or law enforcement generally?

**Social Media**

50. What social media platforms, if any, do you use?

51. Do you regularly post on these accounts?

52. Are you familiar with social media platforms Twitter and/or Reddit? Do you regularly use such platforms?

53. Are you familiar with messaging apps such as WhatsApp and Slack?

54. Do you follow any meme social media accounts?

**Views on the Legal System**

55. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts. When it comes to the law, you are to take your instructions from the Court, and you are bound by those instructions. At the conclusion of this case, your job will be to determine whether or not the defendants are guilty as charged in the indictment. Would you have any difficulty accepting and applying these principles if selected to sit as a juror on this case?

56. In a criminal case, each defendant is presumed innocent and must be acquitted unless the jury, unanimously and based solely on the evidence presented in court, decides that the defendant's guilt has been proven beyond a reasonable doubt. Do you believe you would have any difficulty applying this principle if selected to sit as a juror on this case?

57. The indictment is not evidence and does not prove anything. The indictment is just a formal way of charging a person with a crime in order to bring them to trial. Does the fact that Mr. Hayes, Mr. Delo, and Mr. Reed have been indicted make it difficult for you to presume they are innocent?

58. Defendants in a criminal case have the right not to testify. If a defendant here does not testify, the jury may not draw any inference against that defendant based on their

decision. The fact that a Defendant chooses not to testify may not enter into the jury's deliberation at all. Would you have any difficulty accepting and applying this principle?

59. You are required by law to make your decision based solely on the evidence or lack of evidence presented in Court, and not on the basis of conjecture, suspicion, sympathy, or prejudice. Would any of you have difficulty accepting and applying this legal principle?

60. Do you have any religious, political, philosophical, moral, or other beliefs that would make it difficult for you to be fair and impartial?

61. You may hear testimony during this trial from members of law enforcement. The fact that a witness may be a member of law enforcement does not mean that his or her testimony is entitled to any greater weight by reason of his or her employment. By the same token, his or her testimony is not entitled to less consideration simply because he or she is a member of law enforcement. You should consider the testimony of members of law enforcement just as you would any other evidence in the case and evaluate their testimony just as you would that of any other witness. Would you, as a juror, give law enforcement officers more or less credibility than the testimony of others?

62. If you are selected to sit as a juror on this case, are you aware of any reason why you would be unable to render a verdict based solely on the evidence presented at trial?

63. If you are selected to sit as a juror on this case, are you aware of any reason why you would be unable to follow the law as the Court instructs you?

64. As a juror, it is important that you do not obtain information about this case outside of the courtroom. The Court will instruct you that you are not to conduct your own research about the case on the internet, read about it in the media, watch any stories about it on

television, or speak to anyone regarding this case. Will you be able to follow these instructions?

**<u>Catch-All</u>**

65. Aside from the previous questions asked, do you have the slightest doubt in your mind, for any reason whatsoever, about your ability to conscientiously, fairly, and impartially serve in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice towards either the government or Mr. Hayes, Mr. Delo, and Mr. Reed, and according to the law as the Judge will explain it to you?

**<u>Individual Voir Dire</u>**

*In addition to the Court's preferred voir dire of each individual juror to ascertain general information of their age, residence, occupation, and home life, among other things, the defense respectfully requests that each juror be asked the following questions.*

66. What is your full name?

67. Where do you live?

68. Have you lived anywhere else in the last 5 years?

69. What is your occupation, if any?

70. What is your length of employment? What previous jobs have you held?

71. Have you ever held a managerial or leadership position in any company or organization?

72. Who are the other members of your household? If they work, what is their occupation?

73. Do you have any children? If yes, what are their ages? Occupations?

74. What are your hobbies?

75. What newspapers, magazines, websites, blogs, or social media do you regularly read or visit?

76. What television shows / radio shows / podcasts do you regularly listen to?

77. Do you currently or have you ever held membership in any business organizations, social organizations, or unions?

78. Do you have an interest in watching documentaries / shows / listening to podcasts involving true crime?

79. Do you read any finance-related news publications or listen to any finance-related programs / podcasts?

80. Do you agree to follow the COVID & mask protocols?

Dated: February 11, 2022
New York, New York

Respectfully submitted,

/s/ James J. Benjamin, Jr.
James J. Benjamin, Jr.
Katherine R. Goldstein
Kaitlin D. Shapiro
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: (212) 872-8091
jbenjamin@akingump.com
kgoldstein@akingump.com
kshapiro@akingump.com

Peter Altman
AKIN GUMP STRAUSS HAUER & FELD LLP
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Tel: (310) 299-1000
paltman@akingump.com

*Attorneys for Defendant Arthur Hayes*

/s/ Douglas K. Yatter*
Douglas K. Yatter
Benjamin Naftalis
Hanyu (Iris) Xie
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
Tel: (212) 906-1200
douglas.yatter@lw.com
benjamin.naftalis@lw.com
iris.xie@lw.com

Jack M. McNeily
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: (312) 876-7700
jack.mcneily@lw.com

*Attorneys for Defendant Samuel Reed*

/s/ Patrick J. Smith*
Patrick J. Smith
Andrew J. Rodgers
SMITH VILLAZOR LLP
250 West 55th Street, 30th Floor
New York, New York 10019
Tel: (212) 377-0851
patrick.smith@smithvillazor.com
andrew.rodgers@smithvillazor.com

*Attorneys for Defendant Benjamin Delo*

*Electronic signatures used with consent.