

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 28, 2022

**BY ECF AND EMAIL**
Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street New York, New York 10007

    Re:    <u>*United States v. Samuel Reed*, 20 Cr. 500 (JGK)</u>

Dear Judge Koeltl:

    The Government writes respectfully to notify the Court of the filing of a superseding indictment against the defendant Samuel Reed, which was returned today by the grand jury.

    This superseding indictment differs from the prior indictment against Reed in two material respects.[1] First, the superseding indictment adds an object to the previously charged conspiracy to violate the Bank Secrecy Act ("BSA"). The prior indictment charged Reed with a conspiracy to violate the BSA by causing BitMEX to operate without an anti-money laundering program as required by law. The superseding indictment adds an object to this conspiracy, that Reed also conspired to cause BitMEX to fail to file suspicious activity reports ("SARs") in violation of the BSA. This added object involves no new discovery and deals with factual issues that are already alleged in the prior indictment regarding BitMEX's unlawful failure to file SARs. *See* Indictment, Dkt. No. 1, ¶¶ 22, 24. The Government does not anticipate any reason that this change should cause any delay in the trial schedule in this case.

    Second, the superseding indictment replaces the single substantive BSA count from the original indictment, which covers a period from September 2015 through September 2020, with 366 separate counts charging substantive violations of the BSA, one for each day from November 28, 2017, through November 28, 2018. This charging structure is pursuant to 31 U.S.C. § 5322(c), which provides that for a violation of the statute or regulations dealing with anti-money laundering programs, "a separate violation occurs for each day the violation continues." Thus, the statute specifically contemplates that the crime can be charged with an individual count for each day the violation continues. The Government has determined that it is appropriate to proceed to trial on

---

[1] The superseding indictment also: removes Arthur Hayes, Ben Delo, and Gregory Dwyer as defendants; states that the charged period is through September 2020 rather than "the present"; removes a description of BitMEX's "Insurance Fund," Indictment, Dkt. No. 1, ¶ 16; clarifies that in December 2018 Reed received an October 2018 report showing U.S. customers trading rather than trading revenue attributable to U.S. customers, *id.* ¶ 27; and reorders the conspiracy count to be Count One rather than Count Two.

this charging structure, because the statute provides for a fine of $250,000 for the offense. 31 U.S.C. § 5322(a). In light of the scale of BitMEX's violations of the BSA, the substantial profits that BitMEX and defendant Reed made during the pendency of the offense, and the congressional purpose to prevent and deter the use of financial institutions in money laundering activities, it is the Government's view that a $250,000 fine would be grossly insufficient to satisfy the factors set forth in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572(a) in the event of the defendant's conviction. The superseding indictment will ensure that the Court has clear authority in the event of the defendant's conviction to impose an adequate fine, in accordance with the Court's consideration of those factors.[2]

The addition of these substantive counts does not affect the factual issues to be presented at trial, because the substantive charges fall within the time frame already charged in the substantive charge in the prior indictment. The prior indictment charged a violation of the BSA from September 2015 through September 2020, while the superseding indictment charges daily violations for the more limited period of November 2017 through November 2018. Thus, if anything the superseding indictment is actually narrower than the substantive charge in the prior indictment. There is no additional discovery associated with this charge, and the Government does not anticipate any reason to delay trial in this case, which is currently scheduled to begin on March 30, 2022.

The Government will confer with defense counsel regarding scheduling for an arraignment on the superseding indictment, which can presumably occur on March 1, 2022, at 3:00 p.m., the time set by the Court for a *Curcio* hearing to address the fact that Reed has now retained counsel for his co-defendant Benjamin Delo to represent him as well.

> Very truly yours,
>
> DAMIAN WILLIAMS
> United States Attorney
>
> By:   /s/ *Jessica Greenwood*
>       Samuel Raymond
>       Jessica Greenwood
>       Thane Rehn
>       Assistant United States Attorneys
>       (212) 637-6519/1090/2354

---

[2] Pursuant to 18 U.S.C. § 3571(d), the alternate fine provision, the Court may also impose a fine up to twice the "pecuniary gain from the offense." The Second Circuit has held that imposition of a fine pursuant to 18 U.S.C. § 3571(d) requires that the jury make a finding of pecuniary gain beyond a reasonable doubt. *United States v. Pfaff*, 619 F.3d 172, 175 (2d Cir. 2010). The Government is considering whether to present the pecuniary gain issue to the jury, which would also provide the Court with an alternative basis to impose a fine greater than $250,000.